George W. BICHSEL et al., Appellants,

v.

Lewis E. STRICKLAND, Appellee.

No. 4173.

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1963.

Crawford B. Reeder, City Atty., Jack Davis, Asst. City Atty., San Antonio, for appellants.

Franklin Spears, Leo Dougherty, San Antonio, for appellee.

McDONALD, Chief Justice.

The Chief of Police of the City of San Antonio indefinitely suspended appellee Strickland from the San Antonio Police Department for violation of certain Civil Service and Police Department rules. Strickland appealed to the Firemen's and Policemen's Civil Service Commission which, after hearing, found him guilty of a portion of the violations charged, and under the provisions of Article 1269m Vernon's Ann.Tex.St., suspended him for 6 months. Strickland appealed to the District Court and obtained a judgment reinstating him to his rank of Patrolman of the San Antonio Police Department,

together with full pay, for and during the 6 months period the Civil Service Commission had suspended him.

The Chief, the Commission, and the City appeal. The main issue before us is whether the findings of the Commission are reasonably supported by substantial evidence.

Under and by virtue of Article 1269m V.A.T.S., a police officer of the City of San Antonio is subject to suspension and removal subject to the trial procedures set forth in the Personnel Rules.

Some of the grounds for removal and suspension are:

"Neglect of duty.

"One whose conduct is prejudicial to good order.

"Other misconduct.

"Violation of any of the rules and regulations of the Department * * *".

Rule 16 of the Police Department provides:

"Officers shall report promptly all violations coming to their attention, as well as all information they may receive about any violation or suspected violation."

Rule 17 provides:

"Officers having information regarding any felony or any person wanted for a felony, and immediate action is not required, shall give all details to his superior officer and submit a written report as specified in Reporting Regulations * * *".

As violative of the foregoing, Patrolman Strickland was charged with receiving information from a prisoner in the City Jail on January 30, 1962 that Police Car 74 had $300. in it, which had been concealed there by one John F. Burrell, who was arrested and placed in City Jail January 29, 1962; that on January 30, 1962

Strickland found out Burrell was booked for "Loitering (to be investigated Burglary)". It was charged that after receiving this information Strickland did not report same to the burglary detective assigned to investigate Burrell, or to his own superior officer.

The evidence is undisputed that Strickland received the information that the money was in the police car; that it was concealed there by prisoner Burrell; that Burrell was being held for investigation for burglary; that Strickland made no report to anyone; but on his own, commenced to search police car 74, and then police car 73, for the money. Strickland told a fellow officer that there might be a reward for finding the money. Strickland did not find the money. Other officers not connected with Strickland's search found the money in car 73 prior to the time Strickland searched such car. Strickland testified that he was simply checking out a "tip" or a "rumor", and that, if he had found the money he would have reported the matter, and turned in the money.

■ The test in applying the substantial evidence rule is whether the evidence is such that "reasonable minds could not have reached the conclusion that the administrative tribunal (in this case the Firemen's and Policemen's Civil Service Commission) must have reached in order to justify its action. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Texas Liquor Control Board v. Armstrong, C.C.A., W/E Ref., 300 S.W.2d 146; Texas Liquor Control Board v. Scott, C.C.A. (n. r. e.) 347 S.W.2d 841.

■ We cannot say that under the evidence a reasonable mind could not have reached the conclusion that the Firemen's and Policemen's Civil Service Commission reached.

■ Appellee further contends that the substantial evidence rule is not here applicable; that the determination made by the Firemen's and Policemen's Civil Serv-

ice Commission was a quasi judicial function, and as such, reviewable on appeal, by a trial de novo under the preponderance of the evidence rule (citing Key Western Life Ins. Co. v. State Board of Insurance, Sup. Ct., 350 S.W.2d 839).

We reject such contention and hold that the substantial evidence rule is applicable to the instant proceeding, and to proceedings under Article 1269m V.A.T.S. Hynes v. City of Houston, C.C.A. (n. r. e.) 263 S.W.2d 839; Reagan v. Bichsel, C.C.A. (n. r. e.), 284 S.W.2d 935; Firemen's & Policemen's Civil Service Comm. of Houston v. Tinsley, C.C.A. (n. r. e.), 304 S.W. 2d 435; Firemen's & Policemen's Civil Service Comm. of City of San Antonio v. Shaw, C.C.A. (n. r. e.), 306 S.W.2d 160; Stowe v. City of Corpus Christi, C.C.A. (n. r. e.), 358 S.W.2d 409.

The judgment of the District Court is reversed and here rendered that the order of the Firemen's and Policemen's Civil Service Commission dated April 25, 1962 be reinstated and affirmed.