Jewell McFARLAND, d/b/a McFarland's
Lounge, Appellant,

v.

TEXAS LIQUOR CONTROL BOARD,
Appellee.

No. 4773.

Court of Civil Appeals of Texas.

Waco.

Nov. 14, 1968.

James H. Martin, Dallas, for appellant.

Crawford C. Martin, Atty. Gen., of Texas, Douglas H. Chilton, Asst. Atty. Gen., Austin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff McFarland from a judgment cancelling her wine and beer retailer's permit.

The Liquor Control Board cancelled plaintiff's permit on the ground that breaches of the peace, to-wit: an affray and a stabbing occurred on the premises, "which was not beyond the control of permittee and was the result of improper supervision."

Plaintiff brought action in the District Court to set such order aside. The trial court, after hearing, found that the Board's order was supported by substantial evidence, and affirmed the action of the Board in cancelling such permit.

Plaintiff appeals, contending the evidence revealed that the breach of the peace was beyond her control and did not result from improper supervision of the premises, and that there was no substantial evidence to support the order of the Board.

Article 667–21 Vernon's Ann.P.C. authorizes the Board to suspend a retailer's beer license for 30 days if a breach of the peace occurs on the premises, and at the expiration of such period "the Board or Administrator shall cancel the license unless it has been shown to the satisfaction of the Board or Administrator that the act was beyond the control of the person holding the license and did not result from improper supervision by the licensee of the conduct of persons permitted by the licensee to be on the licensed premises."

■ The issue for determination is whether there was substantial evidence introduced in the trial court to support the action of the Liquor Board in cancelling the license. The test in applying the substantial evidence rule is whether the evidence is such that "reasonable minds could not have reached the conclusion that the administrative tribunal (here the Liquor Board) must have reached in order to justify its action. Bichsel v. Strickland, Tex.Civ.App. (n. w. h.), 371 S.W.2d 785; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Texas Liquor Control Board v. Armstrong, Tex.Civ.App., er. ref., 300 S.W.2d 146; Texas Liquor Control Board v. Scott, Tex.Civ.App. (n. r. e.), 347 S.W.2d 841; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198.

The evidence establishes that Rubalcado stabbed Gomez and killed him on May 4, 1968 in plaintiff's lounge. Gomez was drunk at the time of the stabbing. Rubalcado and Gomez had argued for some 30 minutes before the stabbing and Gomez had cussed Rubalcado out. The barmaid told Gomez to leave. He left and went next door, but came back. When he came back the barmaid could tell he was going to make trouble, but didn't call the police or inform plaintiff. The bartender helped Gomez leave, and knew he was drunk. The bartender noticed there might be trouble between Gomez and Rubalcado after Gomez returned; and had taken a knife away from Gomez earlier. The bartender did not call the police or inform plaintiff.

At plaintiff's request, the trial court filed findings that plaintiff had operated the Lounge for 3 years; that no complaints had been filed against her; no fights or disturbances had previously occurred at the Lounge; that the Liquor Board had no prior criticism of her operation; that plaintiff was not personally acquainted with the parties involved in the killing; that prior to the killing there was no loud talk or argument to inform or alert plaintiff that a fight was about to happen; that plaintiff has no criminal record; and that plaintiff nor anyone else had time to stop the stabbing. The trial court concluded: The trouble between Rubalcado and Gomez was beyond the control of plaintiff; and the action of the Liquor Board in canceling plaintiff's permit was arbitrary.

The trial court, however as noted, affirmed the action of the Board in canceling such permit.

Plaintiff asserts the findings and conclusions of the trial court negate the court's finding of substantial evidence to support the Board's order to cancel plaintiff's permit.

■ We overrule plaintiff's point and contentions. The evidence reflects Gomez was drunk and had argued with Rubalcado; that while plaintiff personally may not have known of the matter, her employees did know of the situation and did not call the police or inform plaintiff of what they knew. There is substantial evidence to support the Board's finding that a breach of the peace occurred on plaintiff's premises; that her employees should have informed her of the situation; and that their failure to do so and the events which in fact occurred, were the result of improper supervision on the part of plaintiff.

■ Moreover, the trial court was not authorized to file findings of fact, since the only question for determination was wheth-

er there existed substantial evidence to sustain the action of the Board. Consequently, the findings could not, as a matter of law, negate the determination of substantial evidence.

Affirmed.