**Robert B. CRUZ, Appellant,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

**No. 4816.**

Court of Civil Appeals of Texas.

Waco.

April 24, 1969.

Jack Paul Leon, San Antonio, for appellant.

Howard C. Walker, J. Bruce Aycock, San Antonio, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by Robert Cruz from a judgment of the District Court of Bexar County, upholding an order of the Fireman's and Policeman's Civil Service Commission, permanently dismissing him from the San Antonio Police Department.

The Chief of Police of the City of San Antonio indefinitely suspended appellant Cruz for violation of certain City of San Antonio Personnel and Police Department rules. Cruz appealed to the Fireman's and Policeman's Civil Service Commission, which after hearing found him guilty, and under the provisions of Article 1269m, Vernon's Ann.Tex.Civ.St. permanently dismissed him from the Police Department. Cruz appealed to the District Court, which after hearing without a jury, entered judgment finding "the evidence before the court is such that reasonable minds could have reached the conclusion that the Fireman's and Policeman's Civil Service Commission must have reached in order to justify their action", and, upheld the order of the Fire-

man and Policeman Civil Service Commission permanently dismissing Cruz from the Police Department of the City of San Antonio.

Cruz appeals on 4 points contending the trial court erred in holding there was substantial evidence to support the finding of the Civil Service Commission in indefinitely suspending him.

Article 1269m VATS and Section 120 of the Personnel Rules of the City of San Antonio provide among other things, that "acts of employees showing a lack of good moral character"; or "whose conduct is prejudicial to good order"; or "violation of any of the rules and regulations of the * * * Police Department", constitute cause for suspension or dismissal. Police Department Rule 49 provides: "All officers shall obey all the laws of the United States, State of Texas, and Ordinance of the City of San Antonio."

Cruz was charged with violation of the foregoing (among other things), by making a false affidavit to the Vigilance Committee of the City of San Antonio to secure a solicitation permit. The charges stated Cruz on or about September 24, 1965, on behalf of the Lulac Council #363 entered an agreement with professional promoter Si Rubens, d/b/a Production Enterprises, whereby Rubens, for 50% of the funds raised, would conduct a campaign, including telephone solicitation for funds for a Christmas party and 100 food baskets for needy families; that Cruz made affidavit in application for permit to solicit, that no professional promoters were to be employed; that voluntary solicitors were to be used; that the solicitors were not to be paid wages, fees, or commissions, and that Lulac Council #363 would not receive any of the funds raised.

The evidence reflects that Cruz, a policeman, who was also President of Lulac Council #363 on November 1, 1965, signed sworn statement to the Vigilance Committee of the City of San Antonio, as a basis for a solicitation permit required by San Antonio Ordinance of anyone soliciting funds. Such statement represented that no professional promoter was to be employed; or any wages, fees or commissions paid to solicitors; that the fund drive was by Lulac Council to secure funds for Christmas baskets and a party for needy people. The statement was sworn to before a Notary Public. It is further in evidence that Cruz contracted in writing with Si Rubens, d/b/a Production Enterprises on September 24, 1965 to handle the solicitation in the Christmas fund drive above for 90% of the funds collected; That on November 24, 1965 Cruz revised the contract with Rubens to give Rubens 50% of the money collected.

It is in evidence that Rubens conducted the drive largely by telephone with solicitors who received 20% of the money which came in as the result of the solicitors' work.

Cruz testified the September 24, 1965 contract was actually the 1964 contract and that the November 24, 1965 contract was executed subsequent to the November 1, 1965 application to the vigilance Committee.

■ The test in applying the substantial evidence rule is whether the evidence is such that reasonable minds could not have reached the conclusion that the Administration Tribunal, (here the Civil Service Commission) must have reached in order to justify its action. Bichsel v. Strickland, Tex.Civ.App., 371 S.W.2d 785; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; McFarland v. Tex. Liq. Control Bd., Tex.Civ.App., 434 S.W.2d 924.

■ We think under the evidence a reasonable mind could have reached the conclusion the Fireman's and Policeman's Civil Service Commission reached.

Appellant's points and contentions are overruled.

Affirmed.