Howard H. WALKER, Appellant,

v.

CITY OF HOUSTON et al., Appellees.

No. 456.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 14, 1971.

Rehearing Denied May 12, 1971.

**608**

Charles A. Easterling, Houston, for appellant.

Wm. A. Olson, William A. Wood, Jr., F. William Colburn, Houston, for appellees.

BARRON, Justice.

This suit was brought by Howard H. Walker, a member of the Police Department of the City of Houston, against the City of Houston; Herman B. Short, individually and as Chief of Police of said city; and Dave Laufman, Cliff Tuttle and Bud Hadfield, individually and as members of the Firemen's and Policemen's Civil Service Commission of the City. On August 9, 1967, effective midnight, August 10, 1967, Herman B. Short, Chief of Police, filed with the Firemen's and Policemen's Civil Service Commission of the City his written letter indefinitely suspending Patrolman Walker from the Police Department. Such letter was written by the *Chief of Police* under authority granted him by Art. 1269m, Sec. 16, Vernon's Ann. Tex.St.

Patrolman Walker filed with the Civil Service Commission his notice of appeal from such letter of indefinite suspension by the Chief of Police on August 17, 1967. The Civil Service Commission of the City set such appeal for hearing before the Commission on the 12th day of September, 1967. The hearing was concluded and taken under consideration by the Commission. Subsequently, an order was entered by the Commission dismissing Patrolman Walker from the Police Department effective September 21, 1967.

Being dissatisfied with the order and findings of the Commission, Walker brought suit in the District Court of Harris County, Texas, on September 29, 1967, against the above-named defendants, pursuant to Art. 1269m, Sec. 18, V.A.T.S. In this suit the plaintiff, Walker, sought to set aside the decision of the Civil Service Commission indefinitely suspending and dismissing him from his position as Patrolman in the police department. He further sought reinstatement to his former position with full back pay from the date of his dismissal at midnight, August 10 or 11, 1967.

Trial was before the District Court without a jury. After a hearing the trial court held in favor of the Civil Service Commission of the City of Houston and held that the order of the Commission was supported by substantial evidence. The plaintiff, Howard H. Walker, has appealed.

On appeal the appellant contends that the trial court erred in holding that the letter of suspension written by the Chief of Police vested jurisdiction in the Civil Service Commission under Sec. 16, Art. 1269m, since a copy of the letter was not delivered *in person* by the Chief of Police to appellant; because there is no substantial evidence to support the Commission's order; because the form of the letter of suspension written by the Chief of Police did not meet the requirements of Sec. 16, Art. 1269m, V.A.T.S.; and because the Commission

made findings of the truth of specific charges which the suspended officer allegedly violated when the letter contained a reference to the Police Rules Manual and not to the Rules of the Civil Service Commission.

Article 1269m, Sec. 16, V.A.T.S., states in part:

"The Chief or head of the Fire Department or Police Department of the city government shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the violation of *civil service rules,* but in every such case the officer making such order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the Commission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected by such act, *said copy to be delivered in person to such suspended officer or employee by said department head."* (Emphasis added).

 The above statute regulates the employment of firemen and policemen and prescribes in Sec. 16 a detailed procedure for the indefinite suspension of a fireman or a policeman. Sec. 16 is clearly designed for the protection of an employee's rights. We believe that the intent of Sec. 16 is to insure that a discharged employee is informed of the reasons for his dismissal as well as his right to appeal. The requirement of personal delivery protects the employee, but a requirement that the department head himself deliver to the employee the suspension letter would not provide added protection of the employee's rights. We believe that a sensible construction of the above statute is that the words "in person" in Sec. 16 refer to the suspended employee and does not require the department head "in person" to deliver the letter to the employee but to see that it is done. To hold otherwise would not further a legislative purpose but would impose an unreasonable burden on department heads in a city such as Houston with several hundred employees. An act of the legislature should be given a fair and sensible construction in order to carry out its purpose, and not be construed in such manner as to nullify or defeat its purposes. See Brazos River Conservation and R. Dist. v. Costello, 135 Tex. 307, 143 S.W.2d 577, 580. Appellant's first point of error is overruled.

Chief of Police Short's letter of indefinite suspension charged that Patrolman Walker had violated Rule 13, Section VI, Subsections (d), (e), (g), (j), (k), and (o) of the Firemen's and Policemen's Civil Service Rules of the City of Houston. Subsection (e) generally provides that no officer shall be guilty of insubordination or disgraceful conduct while on or off duty; subsection (g) provides that no officer shall be guilty of drinking intoxicants while on duty or intoxicated while off duty; subsection (j) bans offensive conduct or language toward the public or toward city officials, officers or employees and discourtesy to the public or to fellow employees while the employee is in line of duty; subsection (k) bans conduct unbecoming an officer or employee of the city; and subsection (o) makes it a rules violation for an employee to be guilty of conduct which is prejudicial to good order of the Police Department or of the City of Houston.

Under subsection (d) of the Civil Service Rules above, it is provided:

"(d) That the employee has violated any of the provisions of the Charter of the City of Houston or has violated any of the provisions of the Firemen's Civil Service laws, or the rules and regulations of the Civil Service Commission, *or the rules or special orders of the Fire and Police Departments."* (Emphasis added).

Violations of the above constitute cause for the removal from service or the suspension of a fireman or policeman. The "Rules Manual" of the Houston Police Department applicable under subsection (d) above,

and a copy of which Patrolman Howard H. Walker had received and had read, provides for punishment as above for insubordination, for failure or deliberate refusal to obey any lawful order given by any superior officer, and for flouting the authority of a superior officer by obvious disrespect or by disputing his order. Under "Conduct and Behaviour" of the manual members, whether on or off duty, are governed by ordinary rules of good conduct and are not permitted to commit any act tending to bring reproach or discredit upon themselves and the department. Members of the department are required to treat other members with respect as fellow officers, and they are not to use threatening and insulting language, whether on or off duty. Concerning intoxication, members shall not at any time be intoxicated while on duty, shall not be intoxicated in public view whether on or off duty, and intoxicated to the extent which renders him unfit to report for duty.

After the indefinite suspension was stated, and after verbatim recitation of the above Civil Service Rules and the related Rules Manual of the Police Department, concrete and specific statements were made in detail by Chief Short in four separate paragraphs. The four specific statements of fact reciting grounds for indefinite suspension were full and complete, and as we see it, left nothing vague, obscure or in doubt. Appellant in the letter was also notified that he had ten days after receipt thereof in which to file an appeal with the Civil Service Commission.

The evidence before the trial court shows, as stated by Chief Short in his letter of indefinite suspension, that in the early morning hours of July 22, 1967, Mr. Walker had been drinking heavily and had been engaged in an argument with his ex-wife. The testimony of Sgt. K. B. Montgomery, called to the scene, was that it was apparent to him that Mr. Walker had been drinking. Mr. Walker had arrived at his ex-wife's apartment shortly after midnight claiming that he had visitation rights

with his child. Mr. Walker was intoxicated when he created a public disturbance on the morning of July 22, 1967. The dispute and altercation was public and involved others, including the manager of the apartment in which Walker's ex-wife resided.

The evidence further shows, as stated by the Chief of Police, that about 15 hours after the above incident, Officers Sparks and Merrill were driving on Griggs Road near the intersection of Cullen when they noticed that a woman was attempting to get out of a car, and the man in the car was trying to keep her in the car. The man and the woman were having a heated argument. The car was driven around the corner and the officers investigated the disturbance for more than 45 minutes. Mrs. Walker, in broad daylight and on a public street, was thrown to the ground during an altercation with Mr. Walker, and both husband and wife struck each other. In front of two police officers, Mr. Walker threw his Police ID card on the ground and stated that he was not returning to the City Police Department. Mr. Walker stated that his wife would be better off dead, and he wanted something to use on her. He moved toward Sparks in an apparent attempt to get Sparks' gun, though Sparks testified that he did not know whether the act was to get the gun or whether the holster and gun unsnapped by his moving sideways to prevent Walker's apparent attempt to get it. Mr. Walker was under the influence of alcohol at the time of this occurrence in a public place.

Testimony of Sgt. Serres established that Mr. Walker on another occasion threw papers on a desk pertaining to a three-day disciplinary suspension which Sgt. Serres moments before had handed to Mr. Walker. Mr. Walker referred to police officers not present as "rotten bastards" and blamed his superior officers, Lt. Biggs and Sgt. Rhode, for bringing this "trouble" upon him, and his attitude was generally belligerent. Sgt. Thaler testified that Mr.

Walker stated that this was his third suspension and that all three were "bum raps." The above occurred on June 22, 1967. There is other testimony in the record related to insubordination and disrespect toward Walker's superiors and fellow officers which we need not relate.

■ Judicial review in district court of an order of the Firemen's and Policemen's Civil Service Commission is governed by application of the substantial evidence rule. Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 666. Bichsel v. Strickland, 371 S.W.2d 785 (Tex.Civ.App.), no writ; Cruz v. City of San Antonio, 440 S.W.2d 924 (Tex.Civ.App.), no writ. The test in such cases is whether the evidence is such that reasonable minds could not have reached the conclusion that was reached by the Commission. We hold that the evidence in this case clearly meets such test, and that the evidence is sufficient under the substantial evidence rule to support the judgment of the trial court.

■ Appellant, however, contends that the letter written by Chief Short on August 9, 1967 is insufficient to meet the requirements of Art. 1269m, Sec. 16, V.A.T.S. and the related law as set forth in the case of City of San Antonio v. Poulos, 422 S.W.2d 140 (Tex.Sup.). It is contended that Chief Short in his letter of indefinite suspension made no allegations that the rules set forth in the letter had been violated and that these quoted rules formed no basis for Mr. Walker's indefinite suspension. The second paragraph of the Chief's letter is quoted below:

"Patrolman Walker has been suspended for acts and conduct in violation of Rule 13, Section VI, Subsections (d), (e), (g), (j), (k) and (o) of the Firemen's and Policemen's Civil Service Rules of the City of Houston, said section and subsections reading as follows:"

The rules and regulations of the manual complained of are then set forth concisely and verbatim, e. g., insubordination, intoxicated while off duty, offensive conduct toward city officials or other officers, conduct unbecoming to an officer, and conduct prejudicial to good order of the Police Department. Chief Short, in his letter then detailed conduct and acts which supply all the required elements essential to show violations of the quoted Civil Service Rules. Six rules of the Civil Service Commission as well as four related provisions of the Rules Manual of the Houston Police Department were factually alleged, including the words "insubordinate," "disrespectful," "belligerent toward superior officers," and "drinking heavily." While in most instances the recommendations contained in the Poulos case, cited above, are practicable, i. e., to state each rule and immediately following state the factual basis for the employee's violation of that rule, such is substantially what has been done in this case. However, appellant's conduct on four separate occasions violated a number of rules often enough that apparently it was felt that to list separately each rule and each act of violation would be confusing and result in redundancy. To list each rule and the conduct which violated that rule would have resulted in taking particular events out of chronological order in which they occurred and out of the context of related violations which occurred on the same occasion. The San Antonio Chief of Police had not alleged facts in the Poulos case which would constitute violations of the Civil Service Rules, and the case is distinguishable on the facts even if the formal composing of the letter in Poulos was necessary to a decision in that case.

■ Appellant states that there was error in the trial court's consideration of the Rules Manual of the City Police Department, since it was not shown that the Rules Manual had been adopted by the Civil Service Commission. It is contended that the Chief of Police attempted to make the rules contained in the Rules Manual the basis of the charges for indefinite suspen-

**612**

sion. While Dave Laufman, Chairman of the Commission, stated that as of August 9, 1967, the Commission had not adopted such manual of the police department, it was clearly shown that such was not the case or that specific adoption was unnecessary. Rule 13, Section VI(d), set forth above, of the rules of the Houston Civil Service Commission, pursuant to Art. 1269m, Sec. 5, second paragraph, states that when an employee has violated any of the provisions of the Charter of the City of Houston * * * or the rules or special orders of the Fire and Police Departments, cause for removal from service or suspension results. This procedure has been before the appellate courts of this State many times and has never been disapproved. See City of San Antonio v. Poulos, supra; Harless v. Bichsel, 327 S.W.2d 791 (Tex.Civ.App.), no writ. The Civil Service Commission and its authority were originally adopted by the City of Houston in 1905 and amended in 1913. Art. Va, Charter of the City of Houston. Article 1269m, V.A.T.S., was adopted by the City in 1948. Section 34-3 of the 1968 Code of Ordinances of the City of Houston pursuant thereto in part provides:

"Subject to the City Charter, ordinances and rules and regulations of the civil service commission, the chief of police may punish officers and employees of the department for violation of the rules and regulations promulgated in accordance with this section. All such rules and regulations in effect shall be compiled, and published under the direction of the chief of police, and a copy of every rule and regulation to which he is subject shall be supplied to each officer and employee of the department."

The same language was used in Code of Ordinance, 1958, Sec. 30-5, of the City of Houston. The rules and regulations of the Police Department do not conflict with the City Charter, ordinances and rules of the Civil Service Commission. Such rules have been adopted by the Commission.

 The final order of the Civil Service Commission made findings that all charges, being numbered paragraphs 1, 2, 3 and 4 contained in the Chief's letter, were in all things true and correct and should in all things be sustained. Appellant objects to the procedure of the Commission in sustaining in general terms all the charges contained in the letter. We overrule such contention. City of Houston v. Melton, 163 Tex. 294, 354 S.W.2d 387, 390.

The judgment of the trial court is affirmed.