Robert HEWLETT, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COM-
MISSION, Appellee.

No. 5238.

Court of Civil Appeals of Texas,
Waco.

March 22, 1973.

Rehearing Denied April 12, 1973.

Pruitt & Monshaugen, Robert Levine, Houston, for appellant.

John L. Hill, Jr., Atty. Gen. of Tex., F. M. Stover, Asst. Atty. Gen. of Tex., Austin, for appellee.

## OPINION

JAMES, Justice.

This case involves an order of the Texas Alcoholic Beverage Commission. Plaintiff-Appellant Hewlett operated a place of business in the City of West University Place, in Harris County, Texas, called the "Bunny Show Club," and was the holder of a Mixed Beverage Permit, as authorized by Art. 666–15(22) of the Vernon's Ann. Penal Code of the State of Texas. Hewlett applied to Appellee Commission for a Mixed Beverage Late Hours Permit for his business under the provisions of Article 666–15(24) of the Penal Code which would in effect enable him to sell mixed drinks at his place on Sunday from 1 A.M. until 2 A.M. and on any day except Sunday between 12 midnight and 2 A.M. On August 17, 1972, an order was issued by the Commission denying Hewlett's application for such Late Hours Permit. Hewlett appealed to the 61st District Court of Harris County, Texas, from such order, wherein after trial de novo said order was affirmed. Hewlett appeals to this court on six points of error attacking the trial court's judgment. We overrule Plaintiff-Appellant's points and affirm.

Plaintiff-Appellant's points assert the trial court erred in affirming the Commission's order because (1.) there was no substantial evidence to support the order; (2.) the Commission acted unreasonably, arbitrarily, and capriciously in making the order; (3.) the order alleged the existence of a municipal ordinance prohibiting the sale of mixed beverages between the hours of 12:00 midnight to 2:00 A.M., wherein there was no proof before the Commission or trial court evidencing the existence of such ordinance; (4.) the trial court erroneously applied the substantial evidence rule whereas it should have applied the preponderance of the evidence rule; (5.) the trial court erred in holding that a city ordinance may validly exist in conflict with a state statute; and (6.) in failing to file findings of fact and conclusions of law.

We think it pertinent to first discuss Appellant's third point, namely, that there was no proof before the Commission or the trial court of a municipal ordinance prohibiting the sale of mixed drinks between midnight and 2:00 A.M. In paragraph IV of Plaintiff's Original Petition, Plaintiff-Appellant Hewlett alleged in effect that on April 26, 1972, he made application to the Commission for a Mixed Beverage Late Hours Permit, and secured a certificate from the County Clerk of Harris County, Texas, to the effect that the Commissioners' Court of Harris County had by order authorized the sale of mixed beverages between midnight and 2:00 A.M., and further alleged: "that on the 13th day of July, 1972, said application for Late Hours Permit, a copy of which is appended herewith and incorporated herein and marked for identification as Plaintiff's Exhibit 'B' was signed by the Assistant City Secretary of the City of West University Place, Lee Lockard certifying as follows:

'I hereby certify that the sale of a mixed beverage is lawful at the location of the premises sought to be licensed herein, and that such location is inside the boundaries of the city or town and is not prohibited by charter, ordinance or

amendment thereto, *except that the ordinances of the City of West University Place prohibit the sale of mixed beverages between the hours of 12:00 o'clock midnight and 2:00 o'clock A.M., . . .'* " (italics ours).

Moreover, in paragraph VI of said Petition, Plaintiff-Appellant alleged: "Plaintiff contends that *the ordinance of the City of West University Place prohibiting the consumption of alcoholic beverages between the hours of 12:00 o'clock midnight and 2:00 o'clock A.M.* is not applicable to holders of Mixed Beverage Permits, - - -." (emphasis supplied).

Then attached to Plaintiff's Original Petition as Exhibit "A" is the order of the Commission denying the application of the Late Hours Permit which contains the following language:

"That the manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency, warrants a refusal of the permit in that *the City of West University Place wherein the privileges of such permit would be exercised does presently prohibit by ordinance the consumption of alcoholic beverages between the hours of 12:00 o'clock midnight and 2:00 o'clock A.M.*, and upon this ground said City has through its City Attorney protested the issuance of this permit." (emphasis supplied). (This order was admitted in evidence in the trial court).

Then as Exhibit "B" to Plaintiff's Petition is a copy of the Plaintiff-Appellant's application for the Late Hours Permit, appended to which is the certificate of the Assistant City Secretary referred to in paragraph IV of Plaintiff's Petition a portion of which was quoted hereinabove.

In addition to the foregoing, at the trial before the District Court, Plaintiff-Appellant's attorney, in direct examination of his own client, and in cross-examination of

Mr. Marvin Cooper, an Inspector with the Commission, made reference to the city ordinance in question. That is to say, Appellant's attorney's questions by the wording thereof presupposed and assumed the existence of the city ordinance in question.

■ The pleadings above-quoted from Plaintiff's Original Petition and the exhibits appended thereto allege at least four separate and distinct times that the City of West University Place had in effect an ordinance which prohibited the sale or consumption of mixed beverages between midnight and 2:00 o'clock A.M. Nowhere else in Plaintiff's pleadings nor in the record as a whole is the existence of such an ordinance denied. Needless to say, Plaintiff-Appellant is bound by the uncontroverted allegations of his own pleadings, as same constitute an admission of the existence of the city ordinance in question and the things which the ordinance in effect prohibits. McCormick and Ray, Texas Law of Evidence, (1937 ed.) pars. 494 and 499(a). We therefore overrule Appellant's third point.

We now proceed to Appellant's fifth point, to wit, that the city ordinance in question was invalid because it conflicted with a state statute. In other words, Appellant says that under the State Law (in light of the local option election making Harris County a "wet" area) mixed beverages may be lawfully sold in Harris County, Texas, between midnight and 2:00 o'clock A.M.; that the city ordinance of the City of West University Place prohibits the sale of mixed beverages during said hours, and therefore the ordinance is void as being in conflict with the state law.

■ The City of West University Place is a home-rule city. It is well settled that a home-rule city has the power to regulate the sale of alcoholic beverages in its city limits. See Discount Liquors No. 2 v. Texas Liquor Control Board (Amarillo C. A.1967) 420 S.W.2d 422, error refused NRE; Louder v. Texas Liquor Control Board (Beaumont C.A.1948) 214 S.W.2d

336, error refused NRE. Appellant's fifth point is overruled.

The trial court in the case at bar was governed by the "substantial evidence" rule, which has been defined by our Supreme Court as follows: The order of the administrative agency (here the Texas Alcoholic Beverage Commission) will be sustained by the court if it is reasonably supported by substantial evidence, meaning evidence introduced in court. It is for the court, whether trial or appellate, to determine as a matter of law the reasonableness of the support afforded by substantial evidence, and in making its decision of this question the court examines and takes into consideration all of the evidence. Jones v. Marsh (1949) 148 Tex. 362, 224 S.W.2d 198. Also see Railroad Commission v. Shell Oil Co., Inc., (1942) 139 Tex. 66, 161 S.W.2d 1022.

Any permit or license issued under the Texas Liquor Control Act is purely a personal privilege and does not constitute a property right. Article 666–13(b) of the Penal Code; State v. Bush (1952), 151 Tex. 606, 253 S.W.2d 269.

The Late Hours Permit in question was denied under the provisions of Article 666–11 of the Penal Code, the pertinent provisions of which provide:

"The Commission or Administrator may refuse to issue a permit . . . to any applicant either with or without a hearing if it has reasonable grounds to believe and finds any of the following to be true:

"(6.) That the place or manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants a refusal of a permit.

". . . In the granting or withholding of any permit to sell alcoholic beverages at retail, as provided in Article I, of the Texas Liquor Control Act, the Commission or Administrator in forming his conclusions may give consideration to any recommendations made in writing by the District or County Attorney or County Judge or Commissioners Court of the county or the Sheriff of the county, or the Mayor or Chief of Police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Commission."

In the case at bar, the trial court had before it the city ordinance of the City of West University Place which prohibited the sale of mixed drinks from 12 midnight to 2:00 o'clock A.M., coupled with the protest from said City to the issuance of a Late Hours Permit. We believe that under the provisions of Article 666–11 above-quoted, the Commission was authorized to refuse Hewlett's application, and that the order is supported by substantial evidence. The order in question of the Commission is presumed to be a legal and valid order, and the burden is on the one attacking the order to show that the order appealed from is not reasonably supported by substantial evidence. Gibraltar Savings and Loan Ass'n v. Falkner (Tex.Sup.Ct. 1963) 371 S.W.2d 548; Texas Liquor Control Board v. McGee (San Antonio C.A. 1958) 314 S.W.2d 678, error refused NRE. Appellant's first point is accordingly overruled.

Appellant by his second point attacks the Commission's order as being arbitrary and capricious because it discriminates against parties of equal footing. In other words, he says that Late Hours Permits have been granted to other similar businesses as close as half a city block from his place of business. However, the record shows without dispute that none of these establishments holding Late Hours Permits are in the City of West University Place, but all are outside the corporate limits of said city. Appellant's second point is overruled.

690

By his sixth and final point, Appellant asserts the trial court erred in failing to make findings of fact and conclusions of law, after having been requested to do so by Appellant. We overrule this contention. The trial court was not authorized to file findings of fact since the only question for determination was whether there existed substantial evidence to sustain the action of the Commission. Consequently, the findings could not, as a matter of law, negate the determination of substantial evidence. McFarland v. Texas Liquor Control Board (Tex.Civ.App. Waco 1968) 434 S.W.2d 924, no writ history.

All of Appellant's points have been carefully considered and are overruled. Judgment of the trial court is affirmed.

Affirmed.