**STATE BAR of Texas et al.,
Appellants,**

**v.**

**Fred A. SEMAAN, Appellee.**

**A. L. HERNDEN, Appellant,**

**v.**

**STATE BAR of Texas, Appellee.**

**Nos. 15258, 15275.**

Court of Civil Appeals of Texas, San Antonio.

March 13, 1974.

Rehearing Denied April 17, 1974.

Paul M. Green, San Antonio, Davis Grant, Austin, for appellant in 15258.

James W. Stubbs, Jr., Haase & Deyeso, San Antonio, for appellant in 15275.

Sam C. Bashara, San Antonio, for appellee in 15258.

Damon Ball, San Antonio, for appellee in 15275.

BARROW, Chief Justice.

On January 25, 1973, the State Bar of Texas, acting through the Grievance Committee for District 20, issued formal reprimands to Fred A. Semaan, Esq., and A. L. Hernden, Esq., because of "letters to the editor" written by said attorneys which were published in the San Antonio Express. Suits were timely filed by each attorney to set aside his reprimand. See: Rules Governing the State Bar of Texas, as adopted by members of the State Bar of Texas and promulgated by the Supreme Court of Texas, as amended to December 20, 1971.

Motions for summary judgment were filed in each case by the State Bar and the attorney. The motions for summary judgment in the Semaan suit were heard by Hon. B. B. Schraub, Judge of the 25th Judicial District Court, pursuant to administrative assignment. The motion of State Bar was denied; Mr. Semaan's motion was granted; and judgment was entered setting aside the finding of professional misconduct and ordering that the formal reprimand of Mr. Semaan be set aside and held for naught. State Bar has perfected an appeal from such summary judgment.

The motions for summary judgment in the Hernden suit were heard by Hon. Walter Loughridge, retired Judge of the 37th Judicial District Court, pursuant to administrative assignment. Mr. Hernden's motion was denied; State Bar's motion was granted; and judgment was entered whereby the formal reprimand of Mr. Hernden was affirmed. Mr. Hernden has perfected an appeal from this summary judgment.

The three letters which formed the basis of the formal reprimands are all related, and the reprimands were issued after a joint hearing before the Grievance Committee. We have, therefore, consolidated said appeals for the purpose of this opinion. True and correct copies of these letters are in the summary judgment record and the authorship of each is admitted.

The following facts are established. On October 27, 1972, the San Antonio Express published an editorial captioned "Judge's View of Law Wrong" wherein the editor criticized District Judge John Benavides for ordering a reporter to ignore testimony taken and transcribed in the court record while the jury was out of the courtroom. In apparent response to this editorial, Mr. Semaan wrote a "letter to the editor" identified herein as Letter No. 1, which was published November 1, 1972, wherein he agreed with said editorial. He then went on to compare Judge Benavides unfavorably with three other named criminal court judges in Bexar County in regard to the former's knowledge of the law and courage to rule fairly and impartially. He concluded: "Standing beside these men, John Benavides is a midget among giants." These last three words were taken by the editor as the caption for said letter which was published above Mr. Semaan's name.

Letter No. 1 was seen in the newspaper by Mr. Hernden and in response thereto, he wrote a letter which was published on November 3, 1972, and is identified as Letter No. 2. After identifying himself, "[a]s an attorney who has tried cases as a defense attorney before all criminal district judges here . . .," Mr. Hernden proceeded to highly praise Judge Benavides. Mr. Hernden further wrote that Mr. Semaan's criticism of Judge Benavides was based on the fact that Judge Benavides,

when an assistant District Attorney, had fought Mr. Semaan " . . . toe-to-toe and blow-by-blow . . ." in the courtroom. This letter was captioned "Judge Benavides Praised" and published over the name "A. L. Herndon [sic]."

Mr. Semaan replied with Letter No. 3 to the editor, which was published on November 9, 1972. He first belittled Mr. Hernden as an attorney. He replied to Mr. Hernden's explanation of Mr. Semaan's disapproval of Judge Benavides by writing: "I have had a lot of cases where the district attorney fought me 'toe-to-toe and blow-by-blow,' but I can't remember any such trial with John Benavides and I don't think he can remember one either." The letter was published with the caption "Disagrees with Writer" over the name of Mr. Semaan.

The Grievance Committee found that Mr. Semaan's Letter No. 1 constituted unnecessary personal criticism of Judge Benavides and that his Letter No. 3 was self-laudatory and contained unnecessary personal criticism of a fellow attorney. It was concluded that such acts constituted professional misconduct in violation of the Code of Professional Responsibility of the State Bar, to wit: DR 1–102 (A)(5) and DR 2–101 (A).[1] The Committee ordered a formal reprimand to be published in the Texas Bar Journal.

The Grievance Committee found that Mr. Hernden's Letter No. 2 was self-laudatory and contained unnecessary personal criticism of Mr. Semaan. It was, therefore, found that such action constituted professional misconduct and violated the Code of Professional Responsibility of the State Bar, to wit: DR 2–101(A) and DR 1–102(A)(5). It ordered a formal reprimand to be published in the Texas Bar Journal.

---

1. DR 1–102(A)(5): A lawyer shall not: Engage in conduct that is prejudicial to the administration of justice.

DR 2–101(A): A lawyer shall not prepare, cause to be prepared, use, or participate in the use of, any form of public communication that contains professionally self-laudatory statements calculated to attract lay clients.

By order dated December 20, 1971, the Supreme Court amended Articles XII and XIII of the State Bar Rules by promulgating a Code of Professional Responsibility consisting of nine Canons of Ethics, and the Disciplinary Rules thereunder, to replace the 43 Canons of Ethics then in effect, and by making other procedural changes. On January 22, 1972, the State Bar Board of Directors adopted a number of Ethical Considerations preceding the Disciplinary Rules. The Texas Code of Professional Responsibility is similar, with minor changes to accommodate local practices, to that adopted by the American Bar Association in 1969, and which has now been adopted in at least 46 other states. In a preliminary statement to the A.B.A. Code, it is pointed out that the Disciplinary Rules are mandatory, whereas the Ethical Considerations are aspirational in character. However, it is said that the latter constitute a body of governing principles upon which the lawyer can rely for guidance in many specific situations. Jones, Jr., The Texanization of the A.B.A. Code, 23 Baylor Law Rev. 689, 698 (1972).

DR 1–102 sets out six areas which constitute misconduct by an attorney. Both Mr. Semaan and Mr. Hernden were found to have violated Subdivision (A)(5) thereof, to wit: "Engage in conduct that is prejudicial to the administration of justice." Specifically, Mr. Semaan's Letter No. 1 was found to constitute unnecessary personal criticism of Judge Benavides, and his Letter No. 3 contained unnecessary personal criticism of a fellow attorney. Mr. Hernden's Letter No. 2 was also found to contain unnecessary personal criticism of a fellow attorney. The Grievance Committee concluded that these actions constituted conduct prejudicial to the administration of justice.

It is urged by the Grievance Committee that the fifth subdivision correlated to the first part of repealed Canon No. 1, which required an attitude of respect to the courts. Undoubtedly, respect to the courts is essential to the administration of justice

under our system of government by rule of law. However, it is seen that with the repeal of Canon No. 1, the only specific limitation on criticism of a judicial officer is set forth in DR 8–102(B) which provides: "A lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer." Furthermore, EC 8–6 expressly recognizes the right of a lawyer as a citizen to publicly criticize adjudicatory officials if motivated by desires to improve the system, and if done in a proper manner. Such right is particularly meaningful where, as in Texas, the adjudicatory officials are selected through the elective system. This Ethical Consideration also charges attorneys to defend such adjudicatory officials against unjust criticism.

■ It is our opinion from an examination of Letter No. 1 that the trial court did not err in concluding as a matter of law that Mr. Semaan was not guilty of unprofessional conduct in violation of DR 1–102, Subdivision (A)(5) in his criticism of Judge Benavides. The criticism related entirely to the writer's opinion of Judge Benavides' qualifications for office. The issue of "truth and falsity" of the criticism was not involved, nor was the question of improper motive.

■ It is urged by the disciplined attorneys and the Texas Civil Liberties Union, by amicus curiae, that the letters in question contain only constitutionally protected speech. It is recognized that persons who make derogatory statements about public officials, including judges, are protected by the First and Fourteenth Amendments of the United States Constitution from imposition of civil and criminal liability, unless the statement is made with knowledge that it is false or with reckless disregard of whether it is false or not. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). Such protection against imposition of civil or criminal liability undoubtedly extends on

the same terms to lawyers, at least for utterances made outside the course of judicial proceedings. However, it has not been authoritatively determined as to the extent of any attorney's protection from imposition of discipline by the Bar. See: In re Sawyer, 360 U.S. 622, 79 S.Ct. 1376, 3 L. Ed.2d 1473 (1959). It has been held that the constitutional privilege against self-incrimination is available to a lawyer in a disbarment proceeding. Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967). It is apparent from the language of the unanimous opinion in Garrison v. Louisiana, supra, that any bridle upon a free flow of information to the people concerning the performance and qualifications of public officials will have little chance of gaining constitutional approval. On the other hand, we see nothing in these opinions which would bar disciplinary action insofar as same relates to the Code's prohibition against solicitation.

■ We have found no Canon or Disciplinary Rule in the Code of Professional Responsibility specifically relating to criticism of fellow attorneys. We recognize that such actions, where conducted in a public forum of any nature, would usually be in poor taste, as well as unprofessional, and in extreme situations could even be prejudicial to the administration of justice. However, it cannot be said that isolated incidents of the nature contained in either Letter No. 2 or 3 raise a fact issue of professional misconduct as prohibited by DR 1–102.

A more difficult question is presented by the findings of the Grievance Committee that Letters Nos. 2 and 3 were professionally self-laudatory within the prohibition of DR 2–101(A). One of the deepest traditions of the organized Bar is the prohibition against solicitation. Drinker, Legal Ethics, Sanctions of Professional Conduct, p. 29 (1953). Repealed Canon 24 of the Texas Canons of Ethics provided in part: "Indirect advertisements for professional employment such as furnishing or inspiring newspaper comments about causes in which the member is engaged or the importance of the member's position, and all other like self-laudation should be avoided." The importance of this provision is illustrated by an examination of the published opinions by the Texas Ethics Committee. A 1966 survey showed that of 306 Texas opinions, Canon 24 was cited in 147 opinions. The provision was narrowed somewhat with the adoption of the Code of Professional Responsibility in that DR 2–101(A) provides: "A lawyer shall not prepare, cause to be prepared, use, or participate in the use of, any form of public communication that contains professionally self-laudatory statements calculated to attract lay clients . . . ."

We are here concerned with the narrow review permitted where motions for summary judgment have been granted. See: Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970). The question before us in the Semaan case is whether it was shown as a matter of law that Mr. Semaan's letter, wherein he describes himself as one who has ". . . had a lot of cases where the district attorney fought me 'toe-to-toe and blow-by-blow' . . .," was *not* professionally self-laudatory calculated to attract lay clients. On the other hand, the question in Mr. Hernden's appeal is whether his statement that he is ". . . an attorney who has tried cases as a defense attorney before all criminal district judges here . . ." *was*, as a matter of law, professionally self-laudatory calculated to attract lay clients.

■ To determine such questions, it is necessary to first examine the nature of the suits filed to set aside the reprimand of the Committee. Section 28 of the State Bar Rules provides in part: "If the court shall find from the evidence in a case tried without a jury, or from the verdict of the jury, if there be one, that the defendant is guilty of no professional misconduct, . . . ." Therefore, the trial of a suit filed to set aside a reprimand is a de novo

trial and governed by the rules of evidence applicable to a civil suit.

■ A court reporter's transcript of the hearing before the Grievance Committee was filed in Mr. Hernden's suit and excerpts from said transcript were filed in Mr. Semaan's suit. In State v. Sewell, 487 S.W.2d 716, 719 (Tex.1972), the Supreme Court considered the status of proceedings before a Grievance Committee. It said: "The Grievance Committee is an administrative agency of the judicial department and is the arm of the Supreme Court in the discharge of its professional policing duties." There is no provision in the State Bar Rules to authorize consideration of a transcript of the Committee's proceedings as original evidence in the de novo trials. Since there was no stipulation in either case to permit same to be considered as evidence, such transcript or excerpts therefrom were not competent summary judgment proof. See Cruz v. City of San Antonio, 424 S.W.2d 45 (Tex.Civ.App. —San Antonio 1968, 440 S.W.2d 924 [Tex.Civ.App.—Waco 1969, no writ]).

■ Thus, we are left with only the admitted authorship of the letters. While serious argument can undoubtedly be made as to whether such was the purpose, a fact issue is raised as to whether either letter is professionally self-laudatory. See Opinion No. 273 (November 1963), State Bar Ethics Committee, 18 Baylor Law Rev. 346 (1966). Assuming that either letter was found to be professionally self-laudatory, there still remains the question as to whether same was calculated to attract lay clients. After careful consideration of such letters, we cannot say that a fact issue is raised by either letter on this point. Mr. Hernden's statement regarding his experience was necessary to show the basis for his defense of Judge Benavides, and particularly his comparison of Judge Benavides with the other criminal district judges. Mr. Semaan's statement regarding his many hard-fought trials was necessary in his reply to Mr. Hernden's explanation for Mr. Semaan's criticism of Judge Benavides.

We, therefore, affirm the judgment setting aside the formal reprimand of Mr. Semaan. The summary judgment granted State Bar against Mr. Hernden is reversed and judgment here rendered granting Mr. Hernden's motion for summary judgment. Accordingly, the finding of professional misconduct against Mr. Hernden and the formal reprimand issued thereon is set aside and held for naught.