**Ed J. POLK, on behalf of himself and all others similarly situated,**
**Plaintiff,**

**v.**

**The STATE BAR OF TEXAS et al., Phil Burleson, Chairman, et al., Defendants.**

**Civ. A. No. CA-3-6040.**

United States District Court, N. D. Texas, Dallas Division.

April 3, 1974.

Ed B. Cloutman, III, James A. Johnston, Dallas, Tex., for plaintiff.

Jim E. Cowles, Dallas, Tex., for defendants.

MEMORANDUM OPINION

ROBERT M. HILL, District Judge.

This § 1983 action seeks to enjoin the State Bar of Texas, its officers, board

of directors and the members of the grievance committee for the fifth bar district from issuing a public reprimand against the plaintiff Ed J. Polk, a licensed Texas attorney.

Originally this court dismissed this suit on the grounds that the doctrine of federal-state comity dictated that this matter should first be litigated in the courts of the State of Texas since the professional standards challenged by the plaintiff were established by the Texas Supreme Court and that an adequate state remedy was available pursuant to Article XII, Section 16(b), of the Rules Governing the State Bar of Texas. The dismissal was appealed and the Fifth Circuit Court of Appeals held that abstention based on traditional principles of federal-state comity was inappropriate to this case since "Polk's constitutional claims would not be fully resolved by a determination in his favor of questions of state law."[1] Accordingly, the case was reversed and remanded for a trial on the merits. Polk v. State Bar of Texas, 480 F.2d 998 (5th Cir. 1973). The case has now been tried on its merits and this court is of the opinion that the injunctive relief sought by Polk should be granted.

## I. THE FACTS

On October 5, 1971, Ed J. Polk was arrested and jailed and his bond revoked because of his failure to appear for a criminal trial wherein he was charged as a defendant with driving while intoxicated. Upon his release from jail Polk issued to the news media from his law office the following written statement:

Yesterday, I was advised by members of the press that I had been accused by Judge John Orvis and the District Attorney's office of failing to appear in court to face a criminal charge filed against me by a Dallas policeman in March of this year.

I now answer that accusation: It is false.

My case was not set for trial yesterday. Both Judge Orvis and Assistant District Attorney Edmund Anderson knew it was not set for trial. They both knew that my attorney, Warren Burnett, was in a trial in San Angelo. Although my case had originally been set for trial yesterday, it was rescheduled by agreement between Mr. Anderson and Mr. Burnett for November 22. Mr. Burnett has told me that Mr. Anderson promised to convey that agreement to Judge Orvis. Such agreements are routinely honored throughout the state, including Dallas County.

It is sophistry to claim a case is set for trial on one date when by agreement it has been scheduled for another date. Parties do not attend the trial of their cases on days when their cases are not being tried. I do not believe the Dallas policeman who filed the complaint appeared in court.

I consider this one more awkward attempt by a dishonest and unethical district attorney and a perverse judge to assure me an unfair trial.

Questionable conduct on the part of those charged with administration of justice does little to foster respect for the law.

---

1. But cf. State Bar v. Semaan, 508 S.W. 2d 429 (Tex.Civ.App.—San Antonio, March 13, 1974) where it was held that the First Amendment does not bar disciplinary action for an attorney's criticism of a judge *insofar* as comments may relate to prohibition against solicitation.

Portions of this statement were quoted by the news media the following day.

On October 11, 1971, Polk received a notice to appear before the grievance committee of the fifth bar district of the State Bar of Texas for an inquiry into "matters regarding your press conference concerning your DWI case." On October 14, 1971, Polk's attorney was notified by the vice-chairman of the grievance committee by letter that Polk's statement appeared to violate Canons 1, 17, and 24 of the Canons of Ethics of the State Bar Rules. Subsequently a hearing was held before the grievance committee and Polk was the only individual who offered any testimony. Eight months later Polk was advised by the grievance committee that he was to be officially reprimanded by the State Bar for "professional misconduct" due to derogatory statements about "certain public officials of Dallas County, Texas . . . " and that the reprimand was to be filed in the office of the Secretary of the State Bar and the Clerk of the Supreme Court of Texas with instructions that publicity be given to the reprimand in the Texas Bar Journal, a state wide periodical sent to all Texas attorneys.

Polk appealed the reprimand to a state district court alleging that he was acting as a private citizen when he issued the press release. However, Polk did not raise the issues of due process or violations of the First Amendment raised in the case sub judice. The state court upheld the public reprimand and Polk did not perfect an appeal from that decision. The defendants to this date have withheld the publication of the reprimand pending a decision by this court as to the merits of this suit.

## II. ISSUES RAISED BY POLK

Polk alleges that the public reprimand violates his right to free speech and expression as protected by the First and Fourteenth Amendments. He alleges that the sanctioned conduct was done in his capacity as a private citizen rather than an attorney and that the state has no interest in regulating such conduct. Polk also urges that the hearing before the grievance committee denied him due process in that (1) he was not advised of the identity of his accusers, (2) he was not advised of the acts he had committed and what Canons of Ethics had been violated, (3) he was not advised that disciplinary action against him was being considered, and (4) he was not allowed to confront and cross-examine any witness against him. Polk further alleges that the defendants have selectively enforced the Canons of Ethics against him and thereby denied him equal protection of the law.

## III. THE FIRST AMENDMENT CLAIM

■■■ It cannot be seriously asserted that a private citizen surrenders his right to freedom of expression when he becomes a licensed attorney in this state. The Supreme Court has built a substantial line of cases where the Constitution has been read to limit and restrain the state's power to prescribe standards of conduct for attorneys. Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967); NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 772, 1 L.Ed.2d 810 (1957). In substance, these decisions have held that only in those instances where misconduct threatens a significant state interest can a state restrict an attorney's exercise of his rights under the Constitution.

■■ Generally there are two areas where a state has a significant interest

in prescribing standards of attorney conduct. An attorney may be disciplined for conduct which shows his inability to represent clients competently and honestly. An attorney may also be disciplined for conduct which interferes with the processes of the administration of justice, such as bribery of jurors, subornation of perjury, misrepresentations to a court or any other conduct which undermines the legitimacy of the judicial processes. A state may not regulate an attorney's exercise of his right to free speech under the guise of prohibiting professional misconduct unless his conduct clearly falls into one of these two categories of significant state interest.

■ The critical statements made by Polk were remarks in response to the manner in which he was treated as a citizen and not as an attorney. At no time was Polk an attorney of record or in any way acting in his capacity as an attorney in the criminal proceedings against him, nor do the remarks purport to be made in his capacity as an attorney. Polk was the only witness before the grievance committee and the only evidentiary basis for the public reprimand is a broad conclusionary determination that Polk's remarks were of such a nature as to make him guilty of professional misconduct.

There has been no showing by the State Bar that Polk's conduct was probative of any inability to represent clients or that this statement would interfere with the processes of the administration of justice. Under these circumstances the state has no more interest to punish Polk for his conduct as a private citizen than it does to punish a mechanic, business man or other nonlawyers for the same conduct.[2]

■■ This court rejects the contention urged by the defendants that in order to maintain the general esteem of the public in the legal profession both professional and nonprofessional conduct of an attorney in all matters must be above and beyond that conduct of nonlawyers. While this "elitist" conception may be applicable in non-First Amendment circumstances, the interest of the State in maintaining the public esteem of the legal profession does not rationally justify disciplinary action for speech which is protected and is outside the scope of an attorney's professional and official conduct. Where the protections of the Constitution conflict with the efficiency of a system to ensure professional conduct, it is the Constitution that must prevail and the system that must be modified to conform. For the foregoing reasons this court is of the opinion that the reprimand if issued would be violative of Polk's First Amendment rights.

### III. POLK'S OTHER CLAIMS

■ This court finds no substance to the claim that Polk was denied procedural due process in the hearing before the grievance committee. Polk had adequate knowledge of what acts he was accused of committing and his attorney was adequately notified as to what Canons of Ethics he may have violated. Further it is clear that the charges were brought against Polk by the grievance committee itself and that no one other than the members of the grievance committee had accused Polk of any professional misconduct. There is no evidence that the grievance committee considered testimony of any witness other than Polk. The claims of denial of due process are therefore without merit. Additionally the court can find no basis for the allegation that the defendants have selectively enforced the Canons of Ethics so as to deny Polk equal protection of the law.

### IV. CONCLUSION

■ It is clear that if the reprimand be issued, Polk will suffer irrepar-

2. *See*, Jackson v. State, 21 Tex. 668 (1858), where it was held that an attorney's abusive criticism of a judge was not professional misconduct since the criticism was made outside the scope of his official conduct as an attorney.

able injury. Not only would the reprimand have a chilling effect on any future First Amendment protected speech but the reprimand could serve as an impediment to Polk's desire to practice law in California, his present place of residence. The court is thus of the opinion that the defendants should be permanently enjoined from issuing a reprimand against Polk relating to the facts set out herein. Further, the court is of the opinion that the plaintiff's claim is not typical of the claims of the proposed class thereby making it inappropriate for final injunctive relief with respect to the class as a whole.

The foregoing shall constitute this court's findings of fact and conclusions of law. Polk is directed to submit an order for entry in this case consistent with the holdings herein.