**Roscoe EDDINGS, Appellant,**

v.

**George W. BICHSEL et al., Appellees.**

**No. 13424.**

Court of Civil Appeals of Texas.
San Antonio.
Jan. 21, 1959.

Joe Frazier Brown, San Antonio, for appellant.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellees.

BARROW, Justice.

This suit was brought by Roscoe Eddings against George W. Bichsel, Chief of Police of the City of San Antonio, the Firemen's and Policemen's Civil Service Commission of the City of San Antonio, the executive director and the members of said Commission, the City of San Antonio, and its City Manager, Lynn Andrews, by way of appeal from an order of the Civil Service Commission dismissing Roscoe Eddings from the Police Department of the City of San Antonio. The trial court rendered judgment sustaining the action of the Firemen's and Policemen's Civil Service Commission in discharging Eddings as a City policeman. The judgment of the trial court was based upon a summary judgment granted upon the motion of defendants in this cause. This appeal is from that judgment.

The appellant predicates this appeal upon one point of error in which he urges that the trial court erred in granting Defendants' motion for summary judgment, because the action of the Firemen's and Po-

licemen's Civil Service Commission in permanently dismissing appellant from the Police Department of the City of San Antonio, by the Commission's order of March 27, 1958, was arbitrary and capricious, in that such decision was made without the Commission's finding that the specific charges filed by the Chief of Police were true and that the rules and regulations of the San Antonio Police Department were violated by appellant as charged by the Chief of Police.

The specific charge filed by the Chief of Police is as follows:

"Patrolman Roscoe Eddings has violated certain provisions of Rule XX, Section 120, Personnel Rules of the City of San Antonio, which were adopted on July 17, 1952, by the Firemen's and Policemen's Civil Service Commission as the Civil Service Rules for the Fire and Police Departments of the City of San Antonio. The particular civil service rules violated by Patrolman Eddings and which are grounds for suspension are as follows:

" '(one) whose conduct was prejudicial to good order; * * * Violation of any of the rules and regulations of the department or of special orders, as applicable.'

"The particular rule of the Rules and Regulations of the San Antonio Police Department which Patrolman Eddings has violated is as follows:

" 'Rule No. 58.

" 'Officers shall not unnecessarily display revolvers, nor draw them in any public place except for inspection and when they are to be used. Any officer firing a gun accidentally, or intentionally, except on the target range or hunting, shall report same in writing. Officers shall not discharge firearms except:

" '(a) At target practice or under orders.

" '(b) To kill animals.

" '(c) In defense of one's life or the life of another.

" '(d) To prevent the escape of a person under circumstances covered under the Law of Justifiable Homicide in the Texas Penal Code.'

"The act of Patrolman Roscoe Eddings which has violated the beforementioned civil service rules and which is an act prejudicial to good order and which is in violation of Rule No. 58 of the Rules and Regulations of the San Antonio Police Department is that on or about February 23, 1958, at approximately 6:15 P.M., Patrolman Roscoe Eddings, while *working on a* off-duty job at the Cameo Theatre, located at 619 East Commerce Street, San Antonio, Texas, wilfully and without adequate cause shot Leroy Williams in the right hand and right thigh while said Patrolman Eddings was in said Cameo Theatre and in the presence of patrons of the theatre, including children, and *in so doing* placed these patrons in a position of extreme peril."

A copy of the specific charge was delivered to appellant who was duly notified of his suspension by the Chief of Police. Patrolman Eddings duly appealed to the Firemen's and Policemen's Civil Service Commission, and on March 27, 1958, after a hearing thereon, the Commission made its order permanently dismissing Patrolman Eddings from the Police Department of the City of San Antonio. Said order was as follows:

"*Before The Firemen's And Policemen's Civil Service Commission.*

On the 25th day of March, 1958, came on to be heard the appeal of Roscoe Eddings from his indefinite suspension from the San Antonio Police Department, and after having fully considered the pleadings of the parties, the evidence presented, and the arguments of counsel, *this Commission finds Roscoe Eddings has violated the Civil Service Rules for the Fire and*

*Police Departments of the City of San Antonio as set out in the written statement filed with this Commission by the Chief of Police and for the reasons set forth in said written statement,* and it is hereby Ordered, Adjudged and Decreed that Roscoe Eddings be permanently dismissed from the Police Department of the City of San Antonio, Texas, effective March 7, 1958." (Emphasis added.)

Article 1269m, Sec. 16, Vernon's Ann. Civ.Stats., which provides for the suspension and dismissal of policemen and firemen and for a hearing thereon before the Firemen's and Policemen's Civil Service Commission, among other things, provides:

"Sec. 16. The Chief or Head of the Fire Department or Police Department of the city government shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the violation of civil service rules, but in every such case the officer making such order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the Commission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected by such act, said copy to be delivered in person to such suspended officer or employee by said department head. Said order of suspension shall inform the employee that he has ten (10) days after receipt of a copy thereof, within which to file a written appeal with the Commission. The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal. Said decision shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed from the Fire or Police Department or be restored to his former position or status in the classified service in the department. * * *

"The written statement above provided to be filed by the department head with the Commission, shall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules. * * No employee shall be suspended or dismissed by the Commission except for violation of the civil service rules, and except upon a finding by the Commission of the truth of the specific charges against such employee."

It is not contended by appellant that the order of the Firemen's and Policemen's Civil Service Commission is not supported by substantial evidence; but the question here presented is whether or not the order is sufficient as a finding by the Commission of the truth of the specific charge against such employee.

No authority has been cited by either party and we have found none, which has passed upon the specific language to be used by the order of the Commission in its finding as to the truth of the charges against the employee. The decisions cited by appellant require that the Commission make such findings, but do not set forth the language in which they should be made. The written statement filed by the Chief of Police, which statement was in the record before the Commission, contained the particular rule which was violated, and the Chief of Police charged that the rule was violated. Not only was this charge on file with the Commission, but a copy of it had been delivered to appellant. The order of the Commission made specific reference to the charge filed. There could be no misunderstanding, under the circumstances, as to the specific findings of the Commission, and the order was, in our opinion, a sufficient compliance with the statute above mentioned.

Finding no error, the judgment of the trial court is affirmed.