CITY OF HOUSTON ET AL, Petitioners

V.

FOY D. MELTON, Respondent

No. A-8538.  Decided January 31, 1962
Rehearing Denied March 14, 1962
354 S.W. 2d 387

CHIEF JUSTICE CALVERT and ASSOCIATE JUSTICES SMITH and WALKER dissented.

*R. H. Burks,* City Atty., *Charles A. Easterling,* Senior Asst. City Atty., Houston, for petitioner.

*Sam S. Minter,* Houston, for respondent.

ASSOCIATE JUSTICE MEADE F. GRIFFIN delivered the opinion of the Court.

Foy D. Melton, an inspector of police in the City of Houston, Texas, on October 20, 1959, was indefinitely suspended by the Chief of Police of said City. The Chief of Police in all things complied with the provisions of Art. 1269m, Sec. 16, Vernon's Annotated Texas Civil Statutes, known as the Firemen's and Policemen's Civil Service Act. Melton appealed to the Civil Service Commission, and that body, after hearing all parties and their witnesses, upheld the suspension. Melton then appealed to a district court of Harris County, Texas, and that court, after a hearing, held that the order of the Civil Service Commission (hereinafter called Commission) was not supported by substantial evidence and set the order aside for its failure to contain specific findings that Melton was guilty of each of the charges contained in the letter of the Chief of Police suspending Melton. The City and others appealed to the Court of Civil Appeals which affirmed the judgment of the trial court and reinstated Melton

and ordered the City to pay to Melton his accumulated salary. The Court of Civil Appeals disagreed with the holding of the trial court that the charges on which Melton was tried before the Commission were not supported by substantial evidence, and held that five out of the six charges *were* supported by substantial evidence, but that charge No. 2—or specification as it was designated by the Commission—was not supported by substantial evidence. The Court of Civil Appeals affirmed the judgment of the trial court on the ground that the order of the Commission did not comply with the latter part of Art. 1269m, Sec. 16, providing that "no employee shall be suspended or dismissed by the Commission except for violation of the civil service rules, *and except upon a finding by the Commission of the truth of the specific charges against such employee.*" (Emphasis by Court of Civil Appeals), 347 S.W. 2d 643.

The opinion of the Court of Civil Appeals contains a full, complete and clear statement of the facts and we shall set out only such facts herein as are necessary to properly understand our opinion.

■ The City complains of the action of the trial court and the Court of Civil Appeals by seven points of error. In our opinion, the point upon which this cause must be decided is whether or not the order of the Commission upholding the indefinite suspension of Melton is a finding of the truth of the six charges, or specifications, contained in the letter of the Chief of Police dismissing Melton. It was upon these charges that the Commission tried Melton, and on which the Commission heard evidence. The Court of Civil Appeals said that "while we do not mean to hold that the Commission must necessarily make separate findings on each charge, at least it is required that it make some type of finding that will inform us what charges it found to be true. If here the Commission had made a general finding that all charges were true, this would suffice, or if it had found all to be true except certain specified charges, it would suffice." We agree with this statement of the law as applicable in this case, and we hold the Commission *did* find all charges to be true. Eddings v. Bichsel, Texas Civ. App., 1957, 320 S.W. 2d 197, no writ history. We agree also with the Court of Civil Appeals that there is in the record substantial evidence to support all of the six remaining specifications except Specification, or Charge No. 2. Any one of the five remaining specifications, if found to be true, would support the action of the Chief of Police and the Commission in indefinitely suspending Melton.

Let us now examine the order of the Commission in its entirety to determine whether or not it contains findings of the truth of the charges. The order begins by referring to the letter of the Chief of Police suspending Melton; it states that a copy of the letter is attached to the order and that the Commission had numbered the specifications for convenience in referring and identifying the specifications. After reciting certain preliminary steps taken to fix the date of hearing, and that all parties appeared in person and by attorney, the order sustains Melton's motion to dismiss Specification No. 9. The order further recites that Specifications Nos. 7 and 8 were dismissed and not considered further; that the hearing proceeded on the remaining six specifications until both sides rested their respective cases. The order recites further that after both sides had closed, the Commission and its members considered and discussed among and between themselves all of the testimony adduced upon said hearing and conferred among themselves with respect thereto. This particular paragraph of the order concludes with the following language: "* * * and the evidence as a whole leaves no doubt in our minds as to the *substance* (Commission's emphasis) of the issues. Based on such evidence, as well as upon the appearance and demeanor of the witnesses while testifying, we have no doubt that the said Foy D. Melton was guilty of improper and wrongful conduct, *well within said Specifications remaining before us*," (emphasis ours)—those "specifications remaining" meaning only the six remaining specifications considered by the Commission.

■ This is a finding by the Commission that all the remaining six charges are true. The Commission's underscoring and emphasis of the word "substance" precludes any question that it found the specifications to be true. Webster's Third New Unabridged International Dictionary, 1961, defines "substance" as follows: "a fundamental part, quality or aspect: essential quality or import; the characteristic and essential part." The order then continues with the following language, "based on such evidence * * * we have no doubt that the said Foy D. Melton *was guilty* of improper and wrongful conduct, *well within said Specifications remaining before us."* (Emphasis ours.) The language "well within" was here used in the sense of "as alleged", or "as contained". This is a specific finding of guilt of wrongful and improper conduct charged in each and all six specifications on which Melton was tried. The fact that Specification No. 2 is *not supported by substantial evidence does not set aside the* Commission's finding of guilt as to the other five.

■ Respondent Melton relies on Thompson v. Railroad Commission, 150 Texas 307, 240 S.W. 2d 759 (1951) as authority for his position that the order of the Civil Service Commission in our case is not sufficient compliance with the requirements of Art. 1269m, Sec. 16, Vernon's Annotated Civil Statutes. The statute in the Thompson case provided that the order of the Railroad Commission should be void unless the Railroad Commission "shall set forth in its order full and complete findings of fact pointing out in detail the inadequacies of the services and facilities of the existing carriers, and the public need for the proposed service". We find no language of like or similar import in Art. 1269m, Sec. 16. There is no requirement that failure to set out detailed findings shall make void the order of the Commission. The requirement is that the Commission must make a finding of the truth of the specific charges against such employee, and a careful analysis points up the fact that the order is based upon such findings. The order permanently dismissed Melton from the police force of the City of Houston as is required by the provisions of Art. 1269m, Sec. 16.

Melton also relies on the case of United States of America v. Chicago, Milwaukee & St. Paul & Pacific Railroad Company, 294 U.S. 499, 79 L. Ed. 1023 (1935), to support his position. We have examined that case and it is not in point. No requisite findings were made in that case, whereas in the case at bar the necessary findings were made.

The order of the Commission set out the facts and expressly made findings showing the jurisdiction of that body to conduct the hearing. There is no complaint in the instant case attacking the jurisdiction of the Commission to act.

The judgment of the trial court setting aside the order of the Civil Service Commission and reinstating Melton and ordering the City to pay him his accrued salary, and the judgment of the Court of Civil Appeals, affirming the judgment of the trial court, is hereby reversed and judgment is rendered that Foy D. Melton take nothing.

Opinion delivered January 31, 1962.

MR. JUSTICE WALKER, dissenting.

I respectfully dissent. Section 16 of Article 1269m, Vernon's Ann. Texas Civ. Stat., provides, "that [n]o employee shall be suspended or dismissed by the Commission * * * except upon a finding by the Commission of the truth of the specific charges against such employee." Such a requirement is sound for a num-

ber of reasons.[1] It was included in the present statute to insure, among other things: (1) that no fireman or policeman would be suspended or dismissed unless at least two members of the Commission concluded that he was guilty of some specific charge made against him, and (2) that no suspension or dismissal would be upheld by the courts on a ground not found against the accused by the Commission.

A summary of the nine charges originally made against respondent will be found in the opinion of the Court of Civil Appeals. 347 S.W. 2d 643. Specifications 7 and 8 were dismissed before conclusion of the hearing when the City Attorney admitted there was no evidence to support the same, and Specification 9 was dismissed because the alleged misconduct occurred more than six months before the date of respondent's suspension. When the Commission retired to reach a decision, therefore, respondent stood charged with six separate and distinct acts of misconduct. It was alleged that he had: (1) requested P. Y. Snow to talk with his brother, Billy D. Snow, about the testimony the latter would give in the case of Milner v. National Airlines, and stated that the brother would be paid several hundred dollars if he changed his testimony; (2) attempted to intimidate William Hill, Jr., a police officer; (3) made a false statement under oath on October 6, 1959, when he stated that he had not talked with Billy D. Snow about the case; (4) gave false testimony at the trial of the case when he declared that he had not attempted to influence anyone's testimony; (5) made a false statement under oath on October 6, 1959, when he stated that he had not offered anyone money to testify falsely in the case; and (6) at various times attempted to influence and tamper with witnesses subpoenaed in the case.

The Commission carefully avoided saying anything that might disclose which or how many of these charges it found to be true. The order states only that respondent was "guilty of improper and wrongful conduct, *well within* the specifications remaining before us". This falls somewhat short of a finding that he had committed each and all of the six alleged acts of misconduct. "Within" means encompassed by or inside the limits of, and the quoted excerpt from the order cannot fairly be construed as anything more than a finding that respondent was guilty of one or more of the charges. The majority seem to reason that the Commission found there was substance *to* the *charges,* but there is no recital in the order to that effect. It states that the evi-

1. See McGinnis and Temple, Administrative Agencies Should Tell Us Why. 24 Tex. Bar Jour. 211; Davis, Administrative Law, Vol. 2, page 444, Sec. 16.05.

dence left no doubt "as to the substance *of* the *issues*". This is simply another way of saying that the members of the Commission understood the real nature of the questions they were required to decide. "Issue" means point or question in controversy, and a statement that the Commission was satisfied as to the substance of the issues is not a finding that all six charges made against respondent are true.

Recitals of this character should not be given a strained and unnatural construction when the language could have been and probably was used by the administrative body in an entirely different sense. Under the majority holding, an administrative agency will no longer be required to face squarely the issues presented for determination, and a party who is prejudiced by administrative action cannot be assured of fair and adequate appellate review. If each member of the Commission concludes that a different specification is true, they will be free to decide that the accused was "guilty of improper and wrongful conduct well within the specifications" and should be suspended even though no two members can agree that even one of the charges is true. In a case where one of two opposing parties is entitled to administrative action under the law if Facts A, B, and C are established, there may be allegations and substantial evidence to support all three of such facts. If the agency finds only two of the essential facts but decides to grant the relief sought, the order can simply recite that the moving party has established "facts well within the allegations". On appeal the order would necessarily be upheld on the theory that all three facts had been found, although that is not true and under the law the order should be set aside. In my opinion, the construction given by the majority to the order in this case defeats the purpose of the Legislature in requiring specific findings. I would affirm the judgment of the Court of Civil Appeals.

CHIEF JUSTICE CALVERT and JUSTICE SMITH join in the dissent.

Opinion delivered January 31, 1962.