*422 OPINION
COHEN, Justice.
This is an appeal from a judgment affirming the City of Houston Civil Service Commission’s order upholding appellant’s indefinite suspension.
On July 11,1975, Billy Keith Joyvies was-shot to death by Houston police officers following a high speed chase. When appellant, a Houston police officer, arrived at the scene, he learned that no gun was found in Joyvies’ vehicle. Jim Priest, a newsman at the scene, told appellant that a gun was needed, and Officer J.S. White responded that he knew where one was. White, at appellant’s request, obtained the pistol and handed it to appellant wrapped in a hankerchief. Appellant then placed the pistol on the driver’s side floorboard of Joyvies’ automobile. Constable R.J. Morrow discovered the pistol during a routine search of the car.
The shooting was investigated by the Homicide Division of the Houston Police Department without knowledge that the gun was planted; the shooting was ruled justified. The shooting was presented to a Grand Jury, and no charges were filed.
In March of 1978, Chief of Police Caldwell ordered a new investigation after Jim Priest advised him that a throw-down gun had been placed in Joyvies’ vehicle. On April 10, 1978, appellant asked Lt. J.E. Neely for time off for himself and Officer White to visit with an attorney. A discussion ensued, and appellant admitted his participation in the events to Neely. On April 13, 1978, appellant was given a written order to answer questions and make a written statement for the department’s investigation. Appellant refused the order and was indefinitely suspended by letter dated April 26, 1978.
Chief Caldwell’s suspension letter asserted: (1) that appellant had participated in a continuing conspiracy to cover-up the true events of the Joyvies shooting; and (2) that appellant refused to obey a lawful order by Chief Caldwell to answer questions and make a written statement. The commission upheld the suspension on both grounds and found that either ground independently justified the suspension.
Appellant raises three points of error: (1) that the trial court’s order, affirming the first ground for suspension, was not supported by substantial evidence; (2) that the trial court erred in affirming the termination because the Chief of Police and the commission relied on acts occurring more than six months before the suspension; and (3) that there was not substantial evidence that he violated a lawful order of the Chief of Police.
Because there are no findings of fact and conclusions of law, the judgment implies all necessary fact findings and must be affirmed, if it can be upheld on any legal theory supported by the evidence. Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex.1977). Only evidence favorable to the implied fact findings will be considered, and opposing or contradictory evidence will be disregarded. Renfro Drug Co. v. Lewis, 149 Tex. 507, 511, 235 S.W.2d 609, 613 (1950). Therefore, if either ground was supported by substantial evidence, the judgment should be affirmed. City of Houston v. Melton, 163 Tex. 294, 354 S.W.2d 387, 389 (1962); City of Austin v. Villegas, 603 S.W.2d 282, 285 (Tex.Civ.App.—Beaumont 1980, writ ref’d n.r.e.).
Appellant’s refusal to make a written statement justified his indefinite suspension, despite his claim that the Chief’s order was unlawful. The thrust of appellant’s argument concerns paragraph three of Chief Caldwell’s order:
I further advise you that any answers you may provide to the questions asked or any written statement given by you in this matter in response to this Order, or any information or evidence which is gained by reason of said answers or written statement, may not be used against you in any criminal proceeding since this is a civil, personnel investigation for the two-fold purpose of maintaining discipline and preserving the public trust in the department. (Emphasis added.)
*423 Appellant contends that, because any statement he would have given could have been used to impeach him, Chief Caldwell’s statement was inaccurate and, therefore, unlawful.
It is undisputed that appellant’s statement could not have been used as a substantive “confession” in a criminal trial. Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). Moreover, an involuntary statement may not be used for any purpose, including impeachment, in a criminal trial. Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); Garrett v. State, 682 S.W.2d 301, 305-307 (Tex.Crim.App.1984), cert. denied, 471 U.S. 1009 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). Appellant’s reliance on Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), is misplaced, because those cases dealt with confessions obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which are not necessarily involuntary. Any statement by appellant in response to Caldwell’s order would have been involuntary and could not have been used for impeachment in a criminal trial. Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616; Shiflet v. State, 653 S.W.2d 830, 834 (Tex.App.—Corpus Christi, 1982), affd, No. 812-82 (Tex.Crim.App. Oct. 9,1985) (not yet reported); Tex.Code Crim.P.Ann. art. 38.22, sec. 5 (Vernon 1979).
Chief Caldwell’s order to appellant was legally accurate and lawful. Appellant admitted receiving the order and refusing to comply. The third point of error is overruled.
Appellant’s second point contends that the Chief and the commission both violated Tex.Rev.Civ.Stat.Ann. art. 1269m, section 16 (Vernon Supp.1986), by considering acts and events occurring more than six months before the suspension. Section 16 provides in relevant part that:
[N]o act or acts may be complained of by said department head which did not happen or occur within six (6) months immediately preceding the date of suspension by the department head. (Emphasis added.)
The acts “complained of” by Chief Caldwell, and found by the commission, related to appellant’s refusal to obey a lawful order, not to the events of July 11, /1975, or the subsequent cover-up. Section 16 does not preclude the Chief or commission from considering acts outside the six month period to explain the acts “complained of.”
In this case, it was necessary to explain why Chief Caldwell ordered a written statement in order to determine whether the order was lawful and reasonable, as required by rule 13, sections 6(d) & (m) of the City of Houston Civil Service Commission Rules Governing Members of the Fire and Police Departments, and section 2/1.00 et seq. of the Rules Manual of the Houston Police Department. Acts and events outside the six month period may be used to explain and evaluate the propriety and gravity of acts within the six month period. Vick v. City of Waco, 614 S.W.2d 861, 863 (Tex.Civ.App.—Waco 1981, writ ref’d n.r. e.), City of Houston v. Dillon, 596 S.W.2d 212, 214 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.). The second point of error is overruled.
Because appellant’s refusal to obey Chief Caldwell’s order was alone sufficient to justify his indefinite suspension, we do not reach the other points of error.
The judgment is affirmed.