**Ralph B. SMITH, Appellant,**

v.

**Joseph D. VALDEZ & Laura Villalobos, Appellees.**

**No. 04–87–00409–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 11, 1989.

Rehearing Denied Feb. 7, 1989.

See also, 737 S.W.2d 141.

Ralph B. Smith, San Antonio, pro se.
Joseph Valdez, San Antonio, pro se.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

PER CURIAM.

Appellant Ralph Smith appeals from a judgment granting appellees a permanent injunction.

■ Appellant's brief fails to comply with even the most rudimentary briefing rules. *See* TEX.R.APP.P. 74. The brief's statement of the facts is not fair and condensed; it is not pertinent to any points of error; nor does it make reference to any pages in the record where support might be found. TEX.R.APP.P. 74(f).

The appellant does not present in his brief a discussion of facts or authorities relied upon to maintain his so-called points of error. *Id.*

Further, his supposed points of error are too general and indefinite to merit any consideration. For example, one "point of error" complains that "The appellee, Joseph D. Valdez, had described his fraudulent method of transferring said property in a transcribed tape recording." This statement is not an assignment of error. "A point of error is an indispensable part of a brief and a mere abstraction or conclusion stated in lieu of a point of error in briefing is not acceptable when no error of the trial court is alleged therein." *Blackburn v. Manning*, 307 S.W.2d 347, 351 (Tex.Civ.App.—Amarillo 1957, writ dism'd w.o.j.). The appellant presents nothing for consideration.

■ The Texas Supreme Court insists that when an intermediate appellate court is faced with a morass such as the one before this court, it must allow the appellant " 'a reasonable time to correct or amend such defects or irregularities....' " *Inpetco, Inc. v. Texas American Bank/Houston*, 729 S.W.2d 300 (Tex.1987) (per curiam) (citing TEX.R.APP.P. 83). This court has done so.

On December 15, 1987, appellant was granted the opportunity to modify and supplement his brief. He chose not to do so. On May 9, 1988, William J. Smith, appellant's father, who is not a party or counsel in this action, filed motion for leave to file supplemental brief. The court held the motion in abeyance and ordered Mr. Smith to show his authority to file the supplemental brief on behalf of appellant. He did not show authority as ordered, so on December 30, 1988, the court refused to allow supplementation.

Because appellant has chosen not to take advantage of the two opportunities to correct or amend his brief we still have nothing before us for consideration.

The judgment of the trial court is affirmed.