**CITY OF LAREDO, et al., Appellants,**

v.

**Jose M. RODRIGUEZ, Jr., Appellee.**

**No. 04–89–00256–CV.**

Court of Appeals of Texas,
San Antonio.

May 23, 1990.

Rehearing Denied July 19, 1990.

Anthony G. McGettrick, Jerry Bruce Cain, City Attorneys Office, Laredo, for appellants.

Sharon Trigo, Laredo, for appellee.

Before CHAPA, BIERY and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a district court judgment awarding appellee reinstatement to his former position as a sergeant in the Laredo Police Department and awarding him back pay and employee benefits in the amount of $31,957.83, as well as pre-judgment interest and attorney's fees.

The record reflects that Police Chief Victor L. Garcia, by letter dated December 7, 1984, imposed an indefinite suspension of appellee, charging violation of Civil Service Rules for the following behavior: (1) intoxication while off duty and (2) conduct unbe-

coming an officer. Thereafter, appellee appealed the suspension to the Civil Service Commission of Laredo. The Civil Service Commission entered a written order upholding the indefinite suspension imposed by the police chief. Appellee then appealed to the 49th District Court of Webb County, Texas, which, after a full hearing on the matter, set aside and vacated the Commission's order, ruling that the Commission's order was

> defective and therefore invalid, for the reason that it fails to contain a finding by the Laredo Civil Service Commission of the truth of the specific charges against Plaintiff, Jose M. Rodriguez, as required by Section 16b(b) of Article 1269m V.A.T.S. (now codified as Section 143.053(g) V.A.T.S. Local Government Code).

In a single point of error, appellant contends that the trial court erred in holding that the Commission's order was defective and invalid. Specifically, appellant argues that the Commission's order is valid because the language used by the Commission constitutes a finding by the Commission of the truth of the specific charges against appellee as contained in the December 7, 1984, letter of suspension. Appellee's position on appeal is that the trial court was correct in its ruling. The issue before this court, therefore, is whether the language of the written decision of the Civil Service Commission is sufficient to constitute a finding of the truth of the specific charges against appellee.

This case is governed by the following provision of the Firemen's and Policemen's Civil Service Act:

> An officer or employee may not be suspended or dismissed by the commission *except* for violation of the civil service rules, *and after a finding by the commission of the truth of specific charges against the officer or employee.*

(Emphasis added.) Firemen's and Policemen's Civil Service Act, ch. 420, § 8, 1983 Tex.Gen.Laws 2246, 2265, *repealed by* Act

of May 21, 1987, ch. 149, § 49, 1987 Tex. Gen.Laws 707, 1306.[1]

In this case, the Commission's order, insofar as this appeal is concerned, states as follows:

> The Commission, having heard all testimonies from both parties and *having considered the letter of indefinite suspension* filed by Police Chief Garcia with The [sic] Commission, *herewith enters the following final order:*
>
> > Based on all presented evidences and testimonies, the Policemen's and Firemen's Civil Service Commission for the City of Laredo *unanimously agree to uphold* Police Chief Garcia's December 7, 1984, letter of indefinite suspension of Police Sergeant Jose M. Rodriguez.
> >
> > The Commission therefore enters this final order that the indefinite suspension of Sergeant Jose M. Rodriguez dated December 7, 1984, is upheld by the unanimous choice of the commission.

(Emphasis added.)

■ Appellants' argument, as contained in their brief, is that

> [i]t is apparent that the Commission had before it the police chief's letter of suspension containing the charges and specifications, and that it heard testimony regarding those charges and specifications. The Commission then considered all evidence and testimony and finds that the police chief's letter of indefinite suspension containing the charges and specifications should be upheld. *Then,* the commission upheld the indefinite suspension of Appellee.

(Emphasis added.) By this argument, appellants contend that the language, "the ... Commission ... unanimously agree to uphold ... [the] letter of indefinite suspension of [appellee]," constitutes a finding by the Commission of the truth of the specific charges contained in Chief Garcia's letter of suspension. We disagree. The language "agree to uphold" does not consti-

---

**1.** This provision was repealed and then codified in the Local Government Code in 1987 as part of the State's continuing statutory revision pro-

gram. It now appears at TEX.LOC.GOV'T CODE ANN. § 143.053(g) (Vernon 1988).

tute a finding by the Commission of the truth of the specific charges filed against appellee. The language contained in the Commission's order after the wording "herewith enters the following final order" constitutes the Commission's *final* order, which is the administrative act of suspension. The language "agree to uphold" therein contained references the act of suspension and is not a finding of the truth of the specific charges filed.

The only other language contained in the order for us to consider is, "the Commission ... having considered the letter of indefinite suspension filed by Police Chief Garcia with The [sic] Commission...." We hold that the language "having considered the letter of ... suspension" does not constitute a finding by the Commission of the truth of the specific charges filed.

Appellee's contention that this commission order sufficiently meets the requirements of the statute when considered in the light of *City of Houston v. Melton*, 163 Tex. 294, 354 S.W.2d 387 (1962) and *Eddings v. Bichsel*, 320 S.W.2d 197 (Tex.Civ. App.—San Antonio 1959, no writ) is misplaced for the reason that the commission order in the present case is clearly deficient when compared to the commission orders in *Melton* [2] and *Bichsel* [3]. The Supreme

Court concluded that the *express wording* in the *Melton* commission order ("Melton was guilty of improper and wrongful conduct, well within the specifications remaining before us") was intended to indicate a finding by the Commission that all of the "substance" of the remaining six charges was true. *Melton*, 354 S.W.2d at 389. And, unlike the order in the present case, the *Bichsel* commission order *specifically references* the "written statement filed by the Chief of Police" in a manner that finds that Eddings had violated the civil service rules "as set out in the written statement ... for the reasons set forth in [said] written statement." *Bichsel*, 320 S.W.2d at 198–99.

Having reviewed the present commission order, we have concluded that the trial court judgment is correct in holding that this commission order fails to contain a finding by the Civil Service Commission of the truth of the specific charges against appellee.

A civil service commission order that sustains an indefinite suspension of a police officer is void when the commission fails to make a finding of the truth of the specific charges against that officer. *Skates v. City of Paris*, 363 S.W.2d 425, 426 (Tex.1963); Firemen's and Policemen's

---

**2.** The *Melton* commission order, after reciting the dismissal of specifications 7, 8 and 9, and the fact of the hearing, states:

> Thereupon this Civil Service Commission and its members duly considered and discussed among and between themselves (with no other person present or participating) all of the testimony adduced upon said hearing and conferred between themselves with respect thereto. Testimony given by a few witnesses on *both sides* gives rise to some doubt as to whether our Commission received from them 'the truth, the whole truth and nothing but the truth.' On the other hand, most of the witnesses gave their testimony in a clear and convincing manner, and the evidence as a whole leaves no doubt in our minds as to the *substance* of the issues. Based on such evidence, as well as upon the appearance and demeanor of the witnesses while testifying, we have no doubt that the said Foy D. Melton was guilty of improper and wrongful conduct, well within said specifications remaining before us.

*City of Houston v. Melton*, 347 S.W.2d 643, 645–46 (Tex.Civ.App.—Houston 1961), *rev'd*, 163 Tex. 294, 354 S.W.2d 387 (Tex.1962).

**3.** The *Bichsel* commission order states:

> On the 25th day of March, 1958, came on to be heard the appeal of Roscoe Eddings from his indefinite suspension from the San Antonio Police Department, and after having fully considered the pleadings of the parties, the evidence presented, and the arguments of counsel, *this Commission finds Roscoe Eddings has violated the Civil Service Rules for the Fire and Police Departments of the City of San Antonio as set out in the written statement filed with this Commission by the Chief of Police and for the reasons set forth in said written statement*, and it is hereby Ordered, Adjudged and Decreed that Roscoe Eddings be permanently dismissed from the Police Department of the City of San Antonio, Texas, effective March 7, 1958.

(Emphasis added.) *Eddings v. Bichsel*, 320 S.W.2d 197, 198–99 (Tex.Civ.App.—San Antonio 1959, no writ).

Civil Service Act, ch. 420, § 8, 1983 Tex. Gen.Laws 2246, 2265 (repealed 1987).

Having found that the commission order is void because the same is defective for the reasons stated, we overrule appellant's sole point of error.

## CROSS POINTS

Appellee has filed five cross points. As a result of our overruling of appellants' sole point of error, we need not address appellee's cross points one through four. *See* TEX.R.APP.P. 90(a).

Appellee's cross point five contends that the trial court erred in holding that appellee should not receive back pay for certain periods[4] because of appellee's failure to exercise reasonable diligence in mitigating his damages. We disagree.

The undisputed evidence shows that from the date appellee was suspended, December 7, 1984, until August 19, 1985, appellee made no effort at obtaining other employment. On August 19, 1985, appellee made his first application for employment with the Houston Police Department. On October 15, 1985, appellee was hired by Metro Security Systems, thereafter resigned his employment on January 15, 1986, and remained unemployed until September 1, 1986. During this unemployment period, appellee again made no effort at obtaining employment until March 20, 1986, when he applied to the U.S. Immigration and Naturalization Service.

Based upon the above undisputed evidence, the trial court granted appellee recovery of appellee's lost wages and benefits from December 7, 1984, (date of suspension) to February 21, 1987, (date before hearing on limited issue of damages) except[5] for the two periods: December 7,

1984 to August 19, 1985 and January 15, 1986 to March 20, 1986, during which times the trial court found that appellee failed to exercise reasonable diligence in mitigating his damages by not seeking other employment.

The issue presented us is two-fold: first, whether such evidence is sufficient to support the trial court's finding that appellee failed to exercise reasonable diligence in seeking to mitigate his damages by seeking other employment during the questioned periods of time; and second, whether, if such evidence is sufficient, appellants had the additional burden of demonstrating that, during the questioned periods of time, appellee could have secured other employment and the amount that appellee could have earned.

■ In a wrongful discharge from employment case, the rule is that a discharged employee must use reasonable diligence to mitigate his damages by seeking other employment. *Gulf Consol. Int'l, Inc. v. Murphy*, 658 S.W.2d 565, 566 (Tex.1983); *Professional Services, Inc. v. Amaitis*, 592 S.W.2d 396, 397 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Mitigation is a matter of confession and avoidance, *Professional Services, Inc.*, 592 S.W.2d at 397, and whether the employee wrongfully discharged has exercised reasonable diligence in procuring other work in mitigation of damages is a special defense of the employer, *Copeland v. Hill*, 126 S.W.2d 567, 569 (Tex.Civ.App.—Austin 1939, no writ). The rule is that an employee who has been wrongfully discharged and seeks to recover damages therefrom *cannot recover* for losses which, in the exercise of reasonable diligence, he could have avoided. *Mr. Ed-*

---

**4.** The "certain periods" of time are: December 7, 1984 to August 19, 1985 and January 15, 1986 to March 20, 1986.

**5.** Appellants, in their brief, contend that appellee's cross point five is an exclusion of evidence issue in that the trial court "sustained" appellants' objection to any evidence regarding appellee's damages for the two periods of time in question. From our review of the record, we have concluded that the trial court did not ever rule on appellants' objection but rather did con-

sider the evidence of damages on its merits and ruled that appellee was not entitled to recover for the two periods of time in question because of the trial court's finding that appellee failed to exercise reasonable diligence to mitigate his damages by seeking other employment during the times of the questioned periods. Accordingly, we have reviewed appellee's cross point five and appellants' response under a sufficiency of evidence standard.

**572**

*die, Inc. v. Ginsberg,* 430 S.W.2d 5, 9 (Tex. Civ.App.—Eastland 1968, writ ref'd n.r.e.).

From our review of the evidence in the record, we find that the evidence in this case is undisputed and conclusive, by appellee's answers to appellants' interrogatories, that appellee made no effort at obtaining other employment during the periods December 7, 1984, to August 19, 1985, and January 15, 1986, to March 20, 1986. The question thus presented is whether such evidence supports the trial court's conclusion that appellee failed to exercise reasonable diligence in seeking to mitigate his damages for such periods of time. In our opinion, the evidence does support that conclusion. We therefore answer the first issue in the affirmative and hold that a wrongfully discharged employee's failure to exercise reasonable diligence to mitigate his damages is a bar to recovery of the losses that he could have avoided.

Because we answer the first issue in the affirmative, we answer the second issue in the negative and hold that once a discharged employee's failure to exercise reasonable diligence has been established by the employer, the employer has no additional burden to prove (1) what the employee could have earned by the exercise of reasonable diligence because such proof is an element of proof of damages, to which the employee is not entitled or (2) whether the employee could have secured other employment had he tried. An employer is not required to prove that a wrongfully discharged employee obtained an actual job offer in order to sustain its burden of proof on mitigation because the correct measure of damages for wrongful discharge of an employee is the present cash value of the contract if it had not been breached, less any amounts that the employee *should* in the exercise of reasonable diligence be able to earn through other employment. *Gulf Consol. Int'l, Inc.,* 658 S.W.2d at 566.

For the reasons stated, we overrule appellee's cross point five.

Lastly, we deny appellee's request, as contained in his brief, that "this Court remand this case to the trial court for the sole purpose of establishing his damages for lost wages *during the pendency of this appeal*" for the reason that appellee presents no point of error to support this required relief nor any discussion of the facts and authorities on which he relies. (Emphasis added.) *See Smith v. Valdez,* 764 S.W.2d 26, 27 (Tex.App.—San Antonio 1989, writ denied); TEX.R.APP.P. 74(f).

For the reasons given, the judgment of the trial court is affirmed.