**Roger Duane ADAMS, Appellant,**

v.

**CITY OF SAN ANTONIO and William O. Gibson, In His Official Capacity as Chief of Police of The City of San Antonio, Appellees.**

No. 04–94–00704–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 9, 1995.

Mayo J. Galindo, San Antonio, for appellant.

William W. Morris, Assistant City Attorney, San Antonio, Dawn L. Carmody, Carmody & Herrmann, San Antonio, for appellees.

Before CHAPA, C.J., and GREEN and DIAL,[1] JJ.

## OPINION

DIAL, Justice.

This is an appeal from the judgment of a district court upholding the award of an arbitrator. The arbitrator had found that the indefinite suspension of the appellant, Roger Adams, from the San Antonio Police Department was justified.

Adams does not dispute the existence of substantial evidence to support his suspension from the San Antonio Police Department. He attacks the judgment with multiple points of error that fall into two groups. In points of error one through sixteen, he contends that the award of the arbitrator is void because it was issued in excess of thirty days after the close of the arbitral hearing as required by the collective bargaining agreement. In points of error seventeen through twenty-two, he alleges that the arbitrator failed to make the findings required by the collective bargaining agreement and the applicable statutory law.

We conclude that the award was not out of time, and the requisite findings were made. Accordingly, we will affirm the judgment.

The case was heard by the district judge without a jury on stipulated facts. The facts set out here are those relevant to the dispositive issues.

■ The arbitrator, Professor Raymond Britton, conducted an evidentiary hearing with the parties present on December 1 and December 22, 1993. He agreed to receive additional evidence by mail. Britton closed the hearing on February 17, 1994. On March 17, 1994, Tina Willard, senior administrator for the American Arbitration Association, relayed to the attorneys a request by Britton for an extension to April 4, 1994 to enter his award. Both an assistant city attorney and the attorney for Adams verbally agreed to the extension. The city later confirmed this in writing. Adams's attorney did not. The award was rendered March 29, 1994, and the parties were notified.

The collective bargaining agreement states that the arbitrator shall make an award within thirty days of the close of evidence. The city concedes that the arbitrator's award was rendered more than thirty days after the close of evidence but relies on the oral agreement of the parties, through their attorneys, for an additional fifteen-day extension.

The crux of Adams's first argument is that the agreement to extend the time within which the award was to be entered was required to be in writing. The extension was therefore ineffective, and the award was out of time. Adams contends the agreement to extend falls within the statute of frauds because the collective bargaining agreement is a contract not performable within one year. *See* TEX.BUS. & COMMERCE CODE ANN. § 26.01(b)(6) (Vernon 1987). Further, Adams refers to the contract which states that any deadline "may be modified by the written agreement of the parties." It is unnecessary to address these arguments in view of our disposition of the case. TEX. R.APP.P. 90(a).

The collective bargaining agreement provides that in cases of conflict, the contract would control over chapter 143 of the Local Government Code. Section 143.057(h) of the Local Government Code provides as follows:

In an appeal that does not involve an expedited hearing procedure, the hearing examiner shall make a reasonable effort to render a decision on the appeal within 30 days after the hearing ends or the briefs are filed. *The hearing examiner's inability to meet the time requirements imposed by this section does not affect the hearing examiner's jurisdiction, the validity of the*

---

1. Assigned Justice by the Chief Justice of the Supreme Court pursuant to TEX.GOV'T CODE ANN.

§ 74.003(b) (Vernon 1988).

*disciplinary action, or the hearing examiner's final decision.*

TEX.LOC.GOV'T CODE ANN. § 143.057(h) (Vernon 1988) (Emphasis added.)

Both the collective bargaining agreement and the local government code provide that the award will be made within thirty days from the close of the hearing. The collective bargaining agreement is silent as to the effect of the late award on the arbitrator's jurisdiction or the validity of his decision. There is therefore no conflict between the collective bargaining agreement and the local government code on this issue. We conclude that the provisions of TEX.LOC.GOV'T CODE ANN. § 143.057(h) (Vernon 1988) control.

There is no allegation that the arbitrator failed to make a reasonable effort to render his decision within thirty days after the hearing ended. His securing of an oral agreement for a fifteen-day extension and rendering the award twelve days later appears to us to be reasonable effort. We conclude that the arbitrator's award was not an out-of-time award. Points of error one through sixteen are overruled.

■ Under points of error seventeen through twenty-two, Adams alleges no evidence and insufficient evidence supporting the trial judge's holding that the arbitrator made the various findings required by the collective bargaining agreement. According to the collective bargaining agreement, the arbitrator's award should state (1) which particular factual charges he finds to be true, (2) the particular rule such conduct violated, and (3) whether the discipline imposed is upheld.

It would have been far simpler if the arbitrator had set out his decisions with respect to the three areas the collective bargaining agreement said should be covered in the

award. Instead, he wrote an eight-page opinion that contained four pages of facts in narrative form. At the conclusion of the narrative he stated:

Based on the foregoing, the arbitrator finds the testimony of Mr. De La Rosa that Officer Adams engaged in excessive physical force and unnecessary brutality to be corroborated by civilian and officer testimony and the accuracy thereof to be established by the preponderance of the evidence.... The degree of force employed by Officer Adams, under the circumstances, is convincingly shown by the evidence of record to have been excessive and unnecessary and cannot be condoned.

■ This gives sufficient evidentiary support to the conclusions of the trial judge that the arbitrator stated which particular factual charges he found to be true. The failure of the arbitrator to set out more detailed findings does not void the award. No particular language or words of art are required. *See City of Houston v. Melton,* 163 Tex. 294, 354 S.W.2d 387, 389 (1962) (holding similar language to be sufficient findings of the truth of the charges). Points of error seventeen and eighteen are overruled.

■ Under a section of the arbitrator's opinion denominated "Summary Statement of the Case," a portion of a memorandum from Chief of Police William Gibson to appellant Adams is quoted and incorporated in the opinion. It stated that the particular rules violated by Adams and grounds for suspension were rules 3.01, 3.04 and 3.46 which were there set out in full.[2]

The narrative contains the following statement:

Primarily for determination by the arbitrator in the resolution of this matter is

---

2. Rule 3.01—ABIDE BY LAWS AND DEPARTMENTAL ORDERS: Members of The Department shall abide by (B) The General Orders, Rules and Regulations and Procedures of the San Antonio Police Department.

Rule 3.04—RESPONSIBILITY TO SERVE THE PUBLIC: Members shall serve the Public through direction, counseling, assistance, and protection of life and property. Members shall also respect the rights of individuals and perform their services with honesty, sincerity, courage, and sound judgment.

(C) CONDUCT AND BEHAVIOR: Members, whether on duty or off duty, shall be governed by the ordinary and rules of good conduct and behavior, and shall not commit any act tending to bring reproach or discredit on themselves or the Department.

Rule 3.26—TREATMENT OF PRISONERS: Prisoners shall be protected in their legal rights, given humane treatment, and shall not be subjected to verbal abuse or unnecessary physical violence.

whether the record presented convincingly demonstrates that Officer Roger Duane Adams violated rules 3.01, 3.04 and 3.26 of the Rules and Regulations of the San Antonio Police Department in his behavior towards Mr. Jesse De La Rosa on or about August 14, 1992.

The statements by the arbitrator give sufficient evidentiary support to the conclusion of the trial judge that the arbitrator had stated the particular rules violated. Points of error nineteen and twenty are overruled.

■ At the beginning of his opinion, the arbitrator defined the issue as "whether the indefinite suspension of Officer Roger Duane Adams was justified and if not, what is the appropriate remedy?"

The quotation from the memorandum of Chief Gibson to Adams concludes with the statements, "A copy of the instant disciplinary suspension order is being filed with the Firefighters' and Police Officers' Civil Service Commission.... When the parties were unable to resolve this grievance, the matter was referred to arbitration." Under the heading, "AWARD," the arbitrator stated, "For the reasons given, the grievance is denied."

The arbitrator obviously adopted the term "Grievance" to apply to the entire matter which had been referred to him for resolution. He correctly identified the dispositive issue as whether the indefinite suspension of Adams was justified. His award that the grievance was denied equated to upholding the discipline imposed by the chief of police. There was adequate evidence to support the conclusions of the trial judge that the arbitrators' award upheld the discipline imposed. Points of error twenty-one and twenty-two are overruled.

The judgment of the trial court is affirmed.